(May 18, 1905.)

## HAYNES v. KETTENBACH COMPANY.

### [81 Pac. 114.]

TROVER—CONVERSION—DENIAL—PROOF.

    1. Where a complaint contains the usual allegations in an action of trover and conversion and the conversion is denied by the answer, the question of whether the property referred to was converted by the defendants is directly put in issue, and the defendants may introduce any proof that would disprove the allegation of conversion.

    2. It may be shown in the defense that the plaintiffs authorized the defendants to sell the property alleged to have been converted and to account to them for the proceeds.

             (Syllabus by the court.)

APPEAL from the District Court of Nez Perce County. Honorable Edgar C. Steele, Judge.

Action for the conversion of certain wheat. Judgment for the defendants. Affirmed.

McFarland & McFarland, for Appellant.

By the statement of the case and the transcript the only issues were: Under respondent Kettenbach's answer, did

Smith sell the grain he produced upon appellant's land to the Kettenbach Company, Limited? If Smith sold Kettenbach Company, Limited, said grain, did that corporation have notice or knowledge of appellant's right, title or interest in or to said wheat? Did Kettenbach Company, Limited, convert said wheat to its own use and benefit? Did Smith refuse to deliver one-fourth of said wheat to appellants? What was said wheat worth per bushel? How much were appellants damaged by the acts of the respondents in the premises? Issues arise upon the pleadings when a fact or conclusion of law is maintained by the one party and is controverted by the other. They are of two kinds: "1. Of law; and 2. Of fact." (Idaho Rev. Stats., 4265.) The evidence must be confined to the issues made by the pleadings. (*Haner v. Northern Pac. R. R. Co.,* 7 Idaho, 305, 62 Pac. 1028.) Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. (Idaho Rev. Stats., secs. 4351, 4353; *Hewitt v. Maize,* 5 Idaho, 633, 51 Pac. 607.) Where a variance is not material, the court may direct the fact to be found according to the evidence, or may order an immediate amendment without costs. (*Hawkins v. Pocatello Water Co.,* 3 Idaho, 766, 35 Pac. 711.) We maintain that had respondent Smith framed his answer so as to conform to his testimony, the appellants would have been entitled to a judgment upon the pleadings against him. Again, we desire to call this honorable court's attention to the letter written by Smith to appellant, Abbie R. Haynes. Does it show that Mr. Haynes sold the wheat to Smith, or authorized him to sell it? Does it not show that Smith never did intend to comply with his agreement or to pay appellants for the grain he unlawfully sold?

George W. Tannahill and James E. Babb, for Respondents.

The complaint contained the usual allegations in an action of trover and conversion, alleging among other things: That

the plaintiff at the time of the alleged conversion was the owner of, and entitled to the possession of, the property described.   Each of these allegations, as well as all other material and vital allegations of the complaint, were specifically denied by each of the defendants in their separate answers. These denials for every purpose of the question involved had the effect of the plea of the general issue or not guilty at the common law.   The contention of the appellant is that under such an answer evidence could not be received for the purpose of showing that the defendants had acquired the property by purchase, either directly from the plaintiffs or through the plaintiff's vendee, nor could evidence be received that the defendant Smith sold the property to the defendant, the Kettenbach Grain Company, by the consent of the plaintiffs.   Upon this question the overwhelming weight of authority is against the appellants; in fact, there are very few well-considered cases that can be found in the books that support the contention of the appellants.   At common law a plea of not guilty put in issue the plaintiffs' averments as to his ownership of the property and right of possession, and entitled the defendant to introduce any and all evidence to overcome such allegations, and this is the rule which prevails in most of the states.   (21 Ency. of Pl. & Pr. 1096; *Leary v. Moran,* 106 Ind. 560, 7 N. E. 236; *Swope v. Paul,* 4 Ind. App. 463, 31 N. E. 42; *Kerwood v. Ayres,* 59 Kan. 343, 53 Pac. 134; *Campbell v. Meyer Bros. Drug Store,* 7 Kan. App. 501, 54 Pac. 287; *Eureka Iron Works v. Bresnahan,* 66 Mich. 489, 33 N. W. 834; *Hart v. Hart,* 48 Mich. 175, 12 N. W. 33; *Johnson v. Oswald,* 38 Minn. 550, 8 Am. St. Rep. 698, 38 N. W. 630; *Griffin v. Long Island R. Co.,* 101 N. Y. 348, 4 N. E. 740; *Robinson v. Peru Plow Co.,* 1 Okla. 140, 31 Pac. 988; 21 Ency. of Pl. & Pr. 1098; *Leary v. Moran,* 106 Ind. 560, 7 N. E. 236; *Nichilas Co. v. Minnesota Threshing Machine Co.,* 70 Minn. 528, 73 N. W. 415; *Haner v. Northern Pac. R. R. Co.,* 7 Idaho, 305, 62 Pac. 1028.)

SULLIVAN, J.—This action was brought to recover $117.60, alleged to be the value of one hundred and sixty-

three and one-half bushels of wheat, which respondent, W. A. Smith, sold to the respondent, the Kettenbach Company. The action was originally brought in a justice's court and appealed to the district court, where it was tried by a court with a jury, and a verdict and judgment was rendered and entered in favor of the respondents.

The appellants are husband and wife, and the wife was the owner of a certain tract of land situated in Nez Perce county, and in the spring of 1902 they leased said premises to respondent Smith for that year. And it is alleged in the complaint that he agreed to pay as rental one-fourth of all the grain products raised on the premises, which he was to sack and store in a warehouse in Lewiston for appellants; that under said agreement he raised six hundred and fifty-four bushels of wheat, and that plaintiffs' share thereof was one hundred and sixty-three and one-half bushels. It is alleged that said Smith did not pay or deliver to appellants the said one hundred and sixty-three and one-half bushels of wheat, and did not deliver the same to any warehouse for them, but in violation of his agreement sold and delivered the said wheat to the respondents, the Kettenbach Company, Limited, who had notice and knowledge of appellants' right and title thereto, and that said company converted all of said wheat to its own use and benefit; that said wheat was worth seventy cents per bushel.

Respondents filed separate answers. The Kettenbach Company deny that said Smith sold or delivered said wheat, or any portion thereof, to them, and deny that they had any knowledge or notice of appellants' ownership, right, title or interest in said wheat, and also deny that they converted it. It also denies that Smith refused to deliver said one-fourth to appellants, or that the wheat was worth seventy cents per bushel, or that appellants had been damaged in any sum whatever, and clearly put in issue the conversion of the wheat.

Respondent Smith, in his answer, admits certain allegations of the complaint and denies that he raised more than six hundred and twenty-four bushels of wheat upon said premises,

and denies that appellants are entitled to receive any wheat whatever for the rental of said premises. Upon the issues thus formed, the cause was tried and resulted as above stated.

While the appellants have assigned twenty-two errors, they may be disposed of under two or three heads. It is strenuously contended by counsel for appellants that the court erred under the answer in permitting the respondent Smith to testify in reference to a sale of said wheat to the Kettenbach Company, by the consent of the plaintiffs; and that appellants authorized him to sell all of said grain and deposit one-fourth of the proceeds in a bank in Lewiston to their credit.

On an examination of the complaint we find that it contains the usual allegations in an action of trover and conversion, and alleged at the time of the conversion that the appellants were the owners of and entitled to the possession of the property described. Each of those allegations, as well as other material allegations, were specifically denied by the answer. These denials had the effect of the plea of the general issue or "not guilty" at common law. And it is stated in volume 21 of Encyclopedia of Pleading and Practice, 1096: "At common law a plea of not guilty put in issue the plaintiffs' averments as to his ownership of the property and right of possession, and entitled the defendant to introduce any and all evidence to overcome such allegations, and this is the rule which prevails in most of the states." And on page 1098, the author says: "Under a plea of not guilty or a general denial, the conversion of the goods is put in issue, and the defendant may introduce any and all evidence which goes to show that there was no conversion."

We think it is well established under a general denial in such a case the conversion of the goods is put in issue, and the defendant may introduce any and all evidence which goes to show there was no conversion, and we think that the defendant may show, under such denial, that the taking of goods was with the plaintiffs' consent and in pursuance of an agreement between the parties. The question of whether or not the defendants converted said property is directly put

in issue by the pleadings. And if the defendant Smith proved that the plaintiffs had sold the wheat to him, that proof directly controverts the allegation of the complaint to the effect that the plaintiffs were still the owners of the property or that the defendants converted the property to their own use, or that the defendants wrongfully deprived the plaintiffs of said property.

The action of the court in overruling appellants' objection to the following question propounded to W. A. Smith by counsel for the respondents is assigned as error: "Q. Do you know the price along in the month of August about the time you sold this grain, in 1902?" This question was, no doubt, asked to ascertain the measure of damages or the value of the property, but as the jury found that the plaintiffs were not entitled to recover anything, the appellants have in no way been injured by that action of the court. The action of the court in ruling that appellants' "Exhibit B," the same being a letter written by respondent, W. A. Smith, to appellant, Abbie R. Haynes, would not be admitted in evidence or read to the jury without thereafter permitting respondent, W. A. Smith, to go on the stand and state all that was said between them, is assigned as error. The question there before the court was as to the admission of said letter and the request of counsel for appellants was granted by the court, and the court then requested counsel for appellants to read the letter to the jury, which he declined to do. The fact that the court said that if such letter was admitted in evidence, Smith might go on the stand and state all that was said between them is not sufficient to show that the ruling of the court was error, for competent and admissible evidence might have been offered or given by Smith had he been put on the stand, and if Smith offered or gave any incompetent evidence, it was then time to object, and if the court had refused to sustain a proper objection, an exception could have been saved; however, we do not think it proper for a trial court on a question of the admission of evidence to suggest that if the offered testimony is admitted, the court will admit other testimony not at that time offered.

We have examined the other errors assigned and find no prejudicial error in the record. The evidence clearly shows that there was no conversion of the wheat, but that appellants authorized respondent Smith to sell the same and deposit the proceeds thereof in a bank at Lewiston to their credit. If he has failed to deposit such proceeds, after having sold the wheat, this action will not be a bar to a proper action to recover the value of the wheat with legal interest since the date of the sale.

The judgment is affirmed, with costs in favor of respondents.

Stockslager, C. J., and Ailshie, J., concur.