WRIGHT v. SCHOOL DIST. No. 97, CANADIAN COUNTY.

No. 2307.    Opinion Filed November 26, 1912.

(128 Pac. 241.)

TROVER AND CONVERSION—When Action Maintainable. The director and clerk of a school district issued a warrant of the face value of $500 payable to plaintiff, for which he gave his check for $400, knowing that the check would be cashed and the money used. The warrant was void because not issued for a purpose authorized by law. Held, that plaintiffs cannot recover the amount for which the check was given in an action for the conversion thereof.

(Syllabus by Rosser, C.)

*Error from Canadian County Court;*
*H. L. Fogg, Judge.*

Action by F. H. Wright against School District No. 97, Canadian County. Judgment for defendant, and plaintiff brings error. Affirmed.

*Gilbert & Bond* and *W. H. Criley,* for plaintiff in error.

*Lucius Babcock,* for defendant in error.

Opinion by ROSSER, C.   In March, 1903, H. H. Best and J. A. Showen, as director and clerk of school district No. 97 of Canadian county, issued to plaintiff, Wright, a district warrant for the sum of $500. At the time it was issued there had been no appropriation made to pay it, and it was not issued against any fund either in the hands of the treasurer or in process of collection. The plaintiff, Wright, paid these officials $400 for the warrant, and they used the money to purchase material and to pay for labor in building the schoolhouse in said school district. This suit was originally brought May 18, 1909, by the plaintiff to recover on the warrant. The defendant school district filed an answer in which it alleged that about the time the warrant was issued the electors for the school district voted for the erection of a schoolhouse in said district, and that it was the mutual understanding of the electors at the meeting that the material and labor in and about the erection of the building was to be contrib-

uted by the electors and patrons of the school district; that no election for the purpose of voting bonds for the erection of said schoolhouse had ever been held, and there were no moneys in the treasury of the school district with which to defray the expenses of the construction of said building; that no contract for the construction of such building had ever been entered into, or authorized to be entered into, by the electors of said school district; that the warrant was issued without authority and was not in payment of any bond or other valid subsisting indebtedness pursuant to any valid contract of the school district; that it was issued for the purpose of selling the same for less than its face value, and raising funds for the erection of the schoolhouse in the district; that the warrant when issued was in excess of 4 per cent. of the assessed value of the property of said school district and was illegal and void. After this answer was filed, plaintiff amended his petition—the defendant consenting to the amendment—and alleged that on the 14th day of March, 1903, the defendant wrongfully obtained possession of $400, the property of plaintiff, and between that date and the third Monday in May of the same year converted the money to its own use; that no part of the money had ever been returned or paid by the defendant to plaintiff; that on the 24th of June, 1909, plaintiff made legal demand of the defendant for the return of the money and interest thereon from the 14th day of March, 1903, at the rate of 7 per cent. per annum; and that on the 28th day of June, 1909, the defendant refused said demand. The amended petition concluded with a prayer for judgment against the defendant for $400, with interest thereon from the 14th day of March, 1903, at the rate of 7 per cent. per annum. To this amended petition defendant answered about as it did to the original, and also pleaded the statute of limitations. The plaintiff's evidence showed the facts with reference to the issuance of the warrant and its sale to Wright, and that the money had been used in building the schoolhouse. At the close of his testimony the court sustained a demurrer to the evidence, and rendered a judgment for the defendant, from which judgment this appeal is taken.

The officers of the school district had no power to issue the warrant. The only lawful way in which the school district could become indebted for borrowed money was by issuing bonds in the manner provided by the Act of 1895 (Sess. Laws 1895, p. 68). *Kellogg v. School District,* 13 Okla. 285, 74 Pac. 110. Plaintiff admits that the defendant is not liable on the warrant, but contends that the district is liable for the money actually received. Its amended petition alleges a conversion of the money by the district, but the evidence does not sustain it. An action for the conversion of money cannot be maintained unless the money can be described or identified as a specific chattel. 38 Cyc. 2014. The evidence shows that the plaintiff did not deliver or furnish the officers of the school district any actual money at all. He paid the $400 he gave for the warrant by check on his bank. He did this knowing that the check would be cashed and the money used, and intending that it should be. All the evidence shows that the transaction was intended to create a debt from the school district to plaintiff, and the officers of the district to which the check was paid had plaintiff's consent to spend the money. There can be no conversion where the owner of the property has consented that it may be disposed of. *Griffin v. Bristle,* 39 Minn. 456, 40 N. W. 523; *Haynes v. Kettenbach Co.,* 11 Idaho, 73, 81 Pac. 114; *Hills v. Snell,* 104 Mass. 173, 6 Am. Rep. 216.

In *Locke v. Reeves,* 116 Ala. 590, 22 South. 850, a married woman ordered certain articles from a dealer, instructing him to charge them to her. The law required the consent of the husband to make such a charge valid, and his consent had not been given as the law required. The dealer, knowing that he could not recover on the account, brought a suit for conversion; but the court held that, having furnished the articles to be consumed, he could not, after they were consumed, maintain an action for conversion.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.