## STATE GUARANTY BANK OF OKEENE v. DOERFLER.

No. 13289—Opinion Filed June 3, 1924.

**1. Appeal and Error—Review—Questions of Fact—Verdict.**

The verdict of a jury on disputed questions of fact in an action at law and the judgment of the court thereon will not be disturbed on appeal where there is evidence reasonably tending to support the same.

**2. Banks and Banking—Proper Payment of Check—Liability.**

The relation between the bank and depositor is that of a debtor and creditor. When a depositor issues a check upon his bank payable to payee or order, it is the duty of the bank to pay same to the person named in said check or upon his genuine indorsement, and failure to do so is at the peril of the bank.

**3. Assignments—Rights of Assignee.**

An assignee acquires as against the debtor all rights to which the assignor was entitled against him at the time the assignment became effective as to the debtor; that is, from the time of notice to the debtor of the assignment.

**4. Banks and Banking—Checks—Genuineness of Indorsements—Liability.**

Where a check is presented to a bank bearing the indorsement of a depositor, the law places upon the bank the duty to see

that such indorsement is genuine, and a failure to do so is at the peril of the bank.

**5. Same—Sufficiency of Instructions.**

Instructions examined, and held applicable to the case. It is not error for the court to refuse to give a requested instruction which states a correct principle of law, but which has no application to the facts involved, or the proof.

(Syllabus by Pinkham, C.)

Commissioners' Opinion Division No. 5.

Error from District Court, Blaine County; Thos. A. Edwards, Judge.

Action by F. S. Doerfler against the State Guaranty Bank of Okeene, Okla. From judgment against the defendant, defendant brings error. Affirmed.

Dyer & Keim, for plaintiff in error.

Simons, McKnight & Simons, for defendant in error.

Opinion by PINKHAM, C. This cause and a companion case pending in the district court of Blaine county were tried together and by stipulation of counsel the evidence submitted in the instant case was considered the evidence in each of said cases.

In both cases the defendant in error, F. S. Doerfler, was plaintiff, the plaintiff in error, State Guaranty Bank of Okeene, being the defendant in one of the cases, and the National Bank of Okeene being defendant in the other, in the trial court.

In the instant case the plaintiff, F. S. Doerfler, sued the defendant, State Guaranty Bank of Okeene, and alleged that one H. B. Converse, a depositor in said bank, delivered to plaintiff a check in the sum of $250, to be held in escrow upon certain conditions, and that thereafter the said plaintiff delivered said check to one R. M. Dederich, to be held by said Dederich until the performance of said conditions, and that the said Dederich or some other person to plaintiff unknown forged the name of the plaintiff thereon as indorser, and that the defendant bank wrongfully paid said check upon said forged indorsement, and that the plaintiff thereafter paid the said Converse the full amount of the said check and took an assignment of the claim of the said Converse; that demand for payment has been made upon said bank and payment refused.

The defendant for its answer denied the allegations of the petition of the plaintiff, and for further answer alleged that the said plaintiff was negligent in delivering the said checks to the said Dederich, and knew

that the said Dederich would cash the same, and that the plaintiff is estopped to claim liability against the defendant bank.

The plaintiff for reply denied the allegations of new matter in said answer contained.

The material issues are the same in both cases.

The instant case was tried to a jury and resulted in a verdict for the plaintiff in the sum of $250, with interest at 6 per cent. per annum from December 10, 1918, and for costs of the action, and judgment was rendered by the court in accordance with said verdict. Motion for new trial was overruled and the case comes regularly on appeal to this court.

For reversal of the judgment plaintiff in error submits three propositions, in its brief: (1) That the verdict is not supported by the evidence; (2) that the bank is not liable to the assignee of its depositor for the payment of the check of the depositor upon the forged indorsement of the payee; and (3) the court erred in refusing to instruct the jury upon the theory of the defense offered in instructions submitted and requested by the defendant.

The facts, briefly stated, as disclosed by the record are as follows:

One R. M. Dederich, who was a stock salesman for a certain coal mining corporation, called upon various persons residing in and about the town of Okeene for the purpose of selling such persons stock in said coal mining company.

The said Dederich, accompanied by the defendant in error, F. S. Doerfler, called upon one Gruber and Converse, who were farmers living near the town of Okeene, and attempted to sell them certain stock in said coal mining company.

It appears that an arrangement and agreement had been entered into between the stock salesman, Dederich, and defendant in error, Doerfler, whereby the defendant in error, Doerfler, for his services in assisting in the sale of the stock should receive a commission of 20 per cent. on every sale made.

Under this agreement the defendant in error, Doerfler, and the salesman, Dederich, sold to the said Gruber and Converse certain stock in said coal mining company under the following conditions: That Gruber and Converse would deliver to the defendant in error, Doerfler, their personal checks in

the sums of $175 and $250, respectively, the check of Gruber being drawn upon his personal account in the National Bank of Okeene, and the check of Converse being drawn upon his personal account in the State Guaranty Bank of Okeene. Each of said checks was made payable to the defendant in error, F. S. Doerfler.

The said checks were delivered by the said Gruber and Converse to Doerfler, under instructions that the defendant in error should hold said checks until he, Doerfler, had inspected the properties of the coal company, and if the said Doerfler was satisfied upon inspection of the properties of said coal company, such checks in that event only were to be delivered to the stock salesman. Dederich.

Within a short time after this arrangement and agreement was made, and after the checks had been delivered to the defendant in error, and before the defendant in error had inspected the properties of the coal mining company as agreed, the said salesman, Dederich, called over the telephone and talked to the defendant in error, through his wife, and requested that the checks held by the defendant in error be sent to the salesman, Dederich, at Enid, Okla.

It appears that the defendant in error on the day following the receiving of the checks from Gruber and Converse, was taken sick and confined to his bed and thereby was unable to inspect the property as provided in the agreement.

This was the defendant in error's condition at the time Dederich called for the delivery to him of the checks in question. The telephone message of Dederich was received by the wife of the defendant in error, and she was directed by the defendant in error to mail to Dederich said checks as requested by him, with instructions to hold them until defendant in error could see him and inspect the coal mine.

Thereafter the said checks were cashed by the salesman, Dederich. at the Oklahoma State Bank at Enid, and the money deposited in said bank to the individual credit of Dederich where such sums remained until after such checks had cleared. No stock was ever delivered to any of the parties, and Dederich, it appears, disappeared.

At the time such checks were presented to the Oklahoma State Bank by Dederich for payment the checks bore the indorsement of the defendant in error, Doerfler, and were also indorsed by the salesman, Dederich.

The defendant in error testified very emphatically that he did not indorse the checks.

During the trial the principal controversy was over the question of the genuineness of the indorsement of the defendant in error on these checks. Numerous genuine signatures of the defendant in error were introduced in evidence and examined and considered by the jury in connection with the indorsement made on the back of the checks.

The evidence introduced to contradict the testimony of the defendant in error was in the nature of expert testimony by bankers who were familiar with signatures, but they did not agree as to whether the signature on the back of the checks was genuine or not.

Those offered by the defendant in error were of the opinion that the signature was not genuine, while those offered by the plaintiff in error were of the opinion that the signature on the back of the check introduced in evidence appeared to be genuine.

In this state of facts the court submitted to the jury for their determination the specific question as to whether or not the signature of the defendant in error was in fact genuine.

On this conflicting testimony the jury found the signature was a forgery.

Plaintiff in error in its brief concedes the settled rule of this court that a verdict based upon conflicting testimony will not be disturbed where there is evidence reasonably tending to support such verdict, but contends that in this case there is no competent testimony reasonably tending to support the verdict, and judgment.

We are unable to agree with counsel for plaintiff in error in this contention. The record contains positive testimony on the part of competent witnesses that the signature on these checks was a forgery and while it is true equally qualified witnesses testified to the fact that the signature of defendant in error appeared to be genuine, we regard this as simply a disputed question of fact in an action at law, in which situation the verdict of the jury and judgment of the court will not under such a state of facts as appear in the record be disturbed on appeal. Oklahoma State Bank of Caddo v. Airington, 68 Okla. 160. 172 Pac. 462; Kinney v. Williams. 66 Okla. 167, 168 Pac. 196.

Under the second proposition presented by plaintiff in error in its brief it is contended that the bank is not liable to the assignee

𝚛 its depositor for the payment of the check of the depositor upon the forged indorsement of the payee.

Plaintiff in error says in its brief that "admitting for the purpose of argument that the signature of defendant in error is a forgery can he profit by his own unwarranted breach in delivering to Dederich his checks?"

The argument is that inasmuch as the evidence shows that Doerfler was the assignee he cannot recover against the bank because he delivered the checks to R. M. Dederich, the assumed forger.

"The relation between the bank and depositor is that of a debtor and creditor. When a depositor issues a check upon his bank payable to payee or order it is the duty of the bank to pay same to the person named in said check or upon his genuine indorsement and failure to do so is at the peril of the bank." National Bank of Commerce v. Fish, 67 Okla. 102, 169 Pac. 1106.

With reference to the rights acquired by the assignee the rule is laid down in 5 C. J. 961, as follows:

"The assignee of a mere claim or of a debtor all rights to which the assignor was entitled against him at the time the assignment became effective as to the debtor; that is, from the time of notice to the debtor of the assignment."

In the case of Jack v. National Bank of Wichita, 17 Okla. 430, 89 Pac. 219, the third paragraph of the syllabus is as follows:

"The assignee of a mere claim or of a chose in action stands in the shoes of the original payee and his rights are subject to the same legal and equitable defense as in the hands of the original payee."

In the case of Watrous v. Hillard (Colo.) 88 Pac. 185, the court says:

"Appellant stands in the shoes of his assignor, Cowan, and has no greater nor less rights than Cowan would have had if he had filed the petition himself."

The evidence shows that the defendant in error had confidence in Dederich and trusted him with the possession of the checks; Doerfler did not make any assignment of the checks and did not indorse the same. The defendant in error, having faith in the honesty of Dederich, he had a right to assume that forgery of his name would not be committed. Shepard & Morse v. Eldridge, 171 Mass. 516, 528, 51 N. E. 9.

Where a check is presented to a bank bearing the indorsement of a depositor the law places upon the bank the duty to see that such indorsement is genuine, and a failure to do so is at the peril of the bank.

The theory of plaintiff in error is based upon the assumption that the defendant in error violated his agreement with the makers of the checks in question in sending them to Dederich before he had made an examination of the property. This cannot operate as a matter of law as a defense to the bank when it pays such checks on a forged indorsement of one of its depositors. The general rule is that the bank should be held to know the signature of its depositors. Farmers & Merchants Bank v. Bank of Rutherford (Tenn.) 88 S. W. 939.

The defendant in error violated no agreement with the bank. The checks presented by Dederich bore the forged indorsement of defendant in error, who was a depositor in the drawee bank. The defendant in error, having paid the amount of the checks to the makers thereof, he stood in their shoes, and was entitled to all the rights as against the bank that the makers would have had if they had made no assignment of the checks.

It is finally urged that the court erred in refusing to instruct the jury upon the defense offered by the bank in support of its contention.

A number of decisions of this court are cited to the effect that it is the duty of the court to submit to the jury any issue, theory, or defense which the evidence tends to support. Cline v. Mulhausen, 83 Okla. 21, 200 Pac. 436.

It is equally well settled by decisions of this court that it is prejudicial error for the trial court to give an instruction covering an issue not made by the pleadings and the evidence in the cause where such instruction tends to confuse the issues and is calculated to mislead the jury. Phelan v. Barnhart Bros. & Spindler, 75 Okla. 49, 181 Pac. 718.

An examination of the instructions offered by plaintiff in error and by the court refused discloses that they were based upon: (1) the assumption that there was evidence in the record that R. M. Dederich was entitled to receive the checks or the proceeds of the checks; and (2), upon the assumption that the defendant in error wrongfully delivered the checks to R. M. Dederich and aided Dederich to receive the proceeds of the checks.

We think the record clearly discloses that Dederich was not entitled to receive the

checks or to receive the proceeds thereof, but rather that the checks were to be indorsed by the defendant in error and paid to the coal company when the property in question was inspected and approved.

Furthermore, the evidence clearly shows that the defendant in error did not wrongfully deliver the checks and was not guilty of such negligence as in law aided Dederich to obtain the proceeds of the checks.

Upon the whole record we conclude that no prejudicial error is shown and that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.