## UNITED STATES ZINC CO. v. COLBURN et al.

No. 17274—Opinion Filed March 22, 1927.

Rehearing Denied May 3, 1927.

(Syllabus.)

1. **Conversion—Definition of "Conversion."**

Conversion is any distinct act of dominion wrongfully exerted over another's personal property, in denial of, or inconsistent with his rights therein.

2. **Same—Right to Recovery.**

Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith, may be treated as a conversion. and it is not necessary that the wrongdoer apply the property to his own use. And when such conversion is proved, the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance.

3. **Chattel Mortgages—Filing as Constructive Notice.**

After the due filing of a chattel mortgage in the recording office as provided by law, third parties are charged with notice of the contents thereof to the same extent as if they had actual notice.

Error from District Court, Tulsa County; Z. I. J. Holt, Judge.

Action by United States Zinc Company, a corporation, against N. O. Colburn and the First National Bank of Collinsville. Judgment for defendants, and plaintiff appeals. Reversed.

Shell Bassett, for plaintiff in error.

Moss & Farmer and B. P. Slade, for defendants in error.

PHELPS, J. Since the parties occupy the same relative position here which they occupied in the district court, they will be herein referred to as plaintiff and defendants.

One James D. Ward was the owner of two steam shovels located in Tulsa county, and, being indebted to plaintiff in the sum of $20,000, executed his chattel mortgage covering said steam shovels to secure such indebtedness, which chattel mortgage was duly filed and was of record in Tulsa county.

It appears that defendant N. O. Colburn was the president of his co-defendant. First National Bank of Collinsville. One J. L. Klaner, being desirous of purchasing the steam shovels covered by the mortgage, entered into negotiations with N. O. Colburn for such purchase, which negotiations were conducted entirely by N. O. Colburn and terminated in the sale by said Colburn and purchase by said Klaner of the steam shovels and their shipment out of the state of Oklahoma by said Colburn.

The bill of sale was prepared by the defendants and, with the bill of lading, forwarded to the purchaser and the purchase price, amounting to about $10,000, was paid through the defendant First National Bank of Collinsville. During the entire period covered by the negotiations culminating in the sale, plaintiff's mortgage remained of record and the indebtedness to secure which the mortgage was executed remained unpaid. It appears that Ward was also indebted to defendants and that no part of the purchase price of the steam shovels went to him, but, through the defendants, found its way into the hands of one Clyde Bollman, a son-in-law of defendant Colburn.

Suit was then brought in the district court of Tulsa county against both Colburn and the bank, which action was in the nature of a suit for damages for conversion. The cause was tried to the court, resulting in a

judgment for defendants, to reverse which this appeal is prosecuted.

It is the contention of plaintiff that, since its chattel mortgage gave it a special ownership in the property covered by the mortgage, the defendants' conduct in disposing of the property by selling it and shipping it out of the state was such an act of interference with plaintiff's rights therein as to amount to conversion.

26 R. C. L., page 1098, gives this definition of conversion:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein, such as tortious taking of another's chattels, or any wrongful exercise or assumption of authority, personally or by procurement, over another's goods, depriving him of the possession, permanently or for an indefinite time. The act must be essentially tortious, but it is not essential to conversion sufficient to support the action of trover that the defendant should have the complete manucaption of the property, or that he apply the property to his own use, if he has exercised dominion over it in exclusion of, in defiance of. or inconsistent with the owner's right."

This definition has been approved and emphasized by this court in Aylesbury Mercantile Co. v. Fitch, 22 Okla. 475, 99 Pac. 1089; Bilby v. Jones, 39 Okla. 613, 136 Pac. 414; Dodd-Lear Hardwood Co. v. Gyr, 44 Okla. 630, 146 Pac. 16.

It is the contention of defendants, however, that the facts pleaded in plaintiff's amended petition, if true, did not amount to a conversion. An examination of that pleading shows that the facts were clearly and concisely pleaded. and after alleging that the mortgaged property had been sold by defendants for the sum of $10,000, the petition further states, "which said amount so received they converted to their own use," and it is defendants' contention that this clause in the pleading amounted to a waiver of plaintiff's right to sue for a conversion of the property and was, in effect, an effort to recover the purchase price received for the property after it was so converted. We observe, however, that this clause was. by permission of the court stricken from the amended petition before judgment was rendered. which, as we see it, left the amended petition stating clearly the wrongful acts of defendants and their wrongful assumption of authority over the property in which plaintiff had a special ownership, which acts deprived plaintiff of its security under its chattel mortgage and which acts alleged, if

proved, were sufficient to support a judgment for plaintiff.

It is contended by the defendants that they should be relieved from liability for the reason that they were not informed or advised of plaintiff's claim of special ownership in the property and that they did not personally profit by the sale thereof. Refuting this contention, however, counsel for plaintiff cites Suzuki v. Small, 212 N. Y. S. 589, in the first, third, and fourth paragraphs of the syllabus of which we find these statements:

"Act of shipping agent, whose duties were to arrange for shipment of steel belonging to its principal to foreign ports. in giving steamship agents instructions to draw up bills of lading covering steel belonging to plaintiff, and to ship it to foreign ports as steel of its principal, shipment having been made, held an exercise of dominion constituting a conversion, even though shipping agent was acting for its principal and in entire good faith."

"Fundamental test of conversion is assumption and exercise of dominion, whether any actual interference with property itself be involved or not.

"Wrongful intent is not a necessary element of conversion, and that defendant was acting as agent is not a defense."

They also cite Pine & Cypress Mfg. Co. v. American Eng. & Const. Co., 125 S. E. 375, in the third paragraph of the syllabus of which the Supreme Court of West Virginia said:

"Any distinct act of dominion wrongfully exerted over the property of another, and in denial of his rights, or inconsistent therewith. may be treated as a conversion, and it is not necessary that the wrongdoer apply the property to his own use. And when such conversion is proved the plaintiff is entitled to recover irrespective of good or bad faith, care or negligence, knowledge or ignorance."

Plaintiff's petition pleads both actual and constructive notice on the part of the defendants of the existence of the mortgage. Defendant Colburn denied that he personally knew of the existence of the mortgage. The mortgagor, however, testified that he told Colburn that the property was covered by the mortgage. It is the contention of plaintiff that the mortgage being placed of record in the county where the property was located was notice to the world of plaintiff's lien upon the property, citing First Nat. Bank of Bristow v. Rogers, 24 Okla. 357, 103 Pac. 582; First Nat. Bank of Cushing v. A., T. & S. F. Ry. Co., 77 Okla. 93.

186 Pac. 1086, while it is the contention of counsel for defendants that it is notice only to subsequent purchasers and incumbrancers, and that while the purchaser of the steam shovels might be bound by the notice which the filing of the chattel mortgage conveyed, those who sold the property to him would not be charged with such notice.

We cannot agree that it was the intention of the lawmakers to place any such construction upon section 7651, Comp. Stat. 1921, as defendants here attempt to place upon it. After carefully examining the record in this case, we are convinced that the chattel mortgage imparted notice to the defendants, and we cannot escape the conclusion that the wrongful acts of defendants resulted in the injury and damage to plaintiff as pleaded, and for which defendants should be held to account.

The judgment of the district court is, therefore, reversed, and judgment here rendered for plaintiff as prayed for in its petition.

BRANSON, C. J., MASON, V. C. J., and LESTER, CLARK, RILEY, and HEFNER, JJ., concur.

Note.—See under (1) 38 Cyc. p. 2005; 26 R. C. L. p. 1098; 4 R. C. L. Supp. p. 1697; 5 R. C. L. Supp. p. 1440; 6 R. C. L. Supp. p. 1584. (2) 38 Cyc. pp. 2008, 2011, 2061. (3) 11 C. J. p. 538, §226; p. 539, §227; anno. L. R. A. 1917C 32: 5 R. C. L. p. 413; 1 R. C. L. Supp. p. 1393.