## FEDERAL NATIONAL BANK OF SHAWNEE v. LINDSEY.

No. 24587.   April 23, 1935.

W. L. Chapman and M. M. Chapman, for plaintiff in error.

Thos. J. Horsley, for defendant in error.

PER CURIAM. The parties to this appeal occupy the same position they occupied in the lower court, and will be referred to as plaintiff and defendant.

This action was commenced in the superior court of Seminole county, Okla., by the plaintiff on January 11, 1932, by filing a petition in replevin based on a note and chattel mortgage, and on the same day the plaintiff filed an affidavit and bond in replevin and the court clerk issued a writ of replevin for all the personal property described in the petition and chattel mortgage attached thereto. Thereafter, on February 10, 1932, the defendant filed a special appearance and motion to quash the writ of replevin, which upon hearing, on March 12, 1932, the court sustained and entered an order quashing, setting aside, and holding for naught the writ of replevin. Thereafter the defendant filed an answer to the plaintiff's petition consisting of an unverified general denial and a cross-petition alleging wrongful conversion of all the personal property described in the petition and in addition two bales of cotton and praying for judgment for $1,145 actual damages and $1,000 punitive damages. Thereafter the plaintiff filed a reply and an answer to the cross-petition of the defendant, denying conversion of the said personal property, but admitting that it had four bales of cotton instead of two bales and claiming a lien thereon. To the answer of the plaintiff to the cross-petition of the defendant, the defendant filed a reply consisting of a general denial of the facts alleged in said answer justifying the taking of the personal property under the writ of replevin and alleging that said property so taken was sold by the plaintiff prior to securing judgment in the replevin action, thereby converting the same, and the defendant admitted that the plaintiff had four bales of cotton instead of two bales. Trial was had to the jury and a verdict rendered in favor of the defendant on his cross petition for $300, on which verdict judgment was rendered by the court, and within the time provided the plaintiff filed a motion for new trial, which was duly overruled and the plaintiff appealed, filing a petition in error under five subdivisions:

1. Said court erred in overruling motion of plaintiff in error for new trial. And the grounds for motion for new trial are as follows:

(1) Excessive damage appearing to have been given under the influence of passion or prejudice.

(2) That the verdict is not sustained by sufficient evidence and is contrary to law.

(3) That the verdict is contrary and in disregard to the court's instructions.

(4) Errors of law occurring at the trial and excepted to by the plaintiff.

(5) Error of the court in overruling demurrer of the plaintiff to the evidence of the defendant and cross-petition.

2. The court erred in giving instructions 3, 4, 5, 6, and 7.

3. Said court erred in admitting evidence on the part of defendant in error.

4. Said court erred in refusing and ruling out competent and legal evidence on the part of plaintiff in error.

5. That said court erred in not sustaining the demurrer of the plaintiff to the evidence of the defendant.

Upon trial of said cause, the jury found for the defendant in the sum of $300.

The plaintiff has presented its argument under four propositions, presenting under "Proposition One" its argument to subdivisions 1, 3, and 4; under "Proposition Two" its argument to subdivision 2; and it is not clear what was intended to be discussed under "Proposition Three" and "Proposition Four," but inasmuch as the plaintiff refers to the discussion under "Proposition One," we will discuss the grounds for its petition in error under two propositions, first discussing its grounds Nos. 1, 3, 4, and 5.

It appears that the plaintiff's first contention is that the court erred in admitting evidence to the value of the cotton, and we think it is sufficient to say that the record discloses that no objection was made by the plaintiff to the introduction of this evidence.

The plaintiff's second contention appears to be that conversion of four bales of cotton would not lie unless the evidence shows that it was "taken and appropriated" without the consent of the defendant, citing Mason et al. v. Nibel, 129 Okla. 7, 263 P. 121, the third syllabus of which reads:

"Where a party sues for conversion of his property, he must allege and prove that it was taken and appropriated without his consent," etc.

We have examined that case and find that in the body of the opinion it is stated:

"Where a party sues for conversion of his property, he must allege and prove that the property was taken or appropriated without his consent"

—which we think correctly states the rule of law applicable. The warehouse receipts for the four bales of cotton came into the possession of the plaintiff rightfully, and it was not necessary to constitute a conversion of it that they came into the plaintiff's possession wrongfully.

"Conversion is any distinct act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein." Sivils v. Aldridge, 62 Okla. 89, 162 P. 198.

In the instant case, the warehouse receipts for the cotton came into the possession of the plaintiff rightfully, and, under the instructions of the court, the jury must have found that the plaintiff wrongfully appropriated it. With reference to the other personal property taken under a writ of replevin that was quashed and vacated, the plaintiff having sold the same and being unable to return it to the defendant, the plaintiff is liable for its conversion.

"Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer, and the sale of the property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion." Federal National Bank et al. v. McDonald, 129 Okla. 75, 263 P. 105.

The next contention of the plaintiff appears to be that testimony regarding one Holstein male should not have been received by the court, but the record discloses that the writ of replevin lists this animal and the sheriff's return shows that he took all of the property listed in the writ.

The next contention of the plaintiff appears to be that the court refused testimony with reference to taxes paid by the plaintiff on the personal property replevined, but inasmuch as the writ of replevin was vacated and quashed, the court's ruling was proper.

The next contention of the plaintiff appears to be that the verdict did not state what they found the value of the property converted, if any, and did not find the amount due upon the note and mortgage, if any, and did not find whether or not the defendant was entitled to punitive damages. We are of the opinion that the instruction of the court on this point was clear and was followed by the jury; the record does not show that the plaintiff requested a poll of the jury on this matter and the amount of the judgment is within the amount of actual damages proven, and it will be presumed that no punitive damages were allowed by the jury.

We think the court committed no error in overruling the motion for new trial, and also committed no error in admitting evidence on the part of the defendant or refusing and ruling out evidence on the part of the plaintiff or in overruling the demurrer of the plaintiff to the evidence.

We are of the opinion that the instructions complained of by the plaintiff properly state the law of the case under the pleadings and evidence.

The judgment is affirmed.

The Supreme Court acknowledges the aid

of Attorneys Vancil K. Greer, T. R. Blaine, and R. F. Shutler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After analysis of law and facts was prepared by Mr. Greer, and approved by Mr. Blaine and Mr. Shutler, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.