TINGLEY et al. v. SMITH et al.

No. 27409.   Oct. 19, 1937.

Paul P. Pinkerton, for plaintiffs in error.

Kleinschmidt & Johnson, for defendants in error.

PHELPS, J.   This appeal is by sureties

to reverse the judgment of the trial court entered against them on a replevin bond.

As is usual in such a case, there were two lawsuits involved; the first one being the replevin action itself, and the second being the present action, on the bond filed by the former .plaintiff when he instituted the replevin action.

Fred Gantz was the mortgagee of certain personal property owned by H. C. Smith and Glen Smith. Alleging default in the mortgage, by reason of which he was entitled to possession of the mortgaged property for the purpose of foreclosing the mortgage, he filed in the district court his replevin action. Prior to the date on which the defendants were required to answer, he foreclosed the mortgage by posting notices, conducting the mortgage sale, and purchasing the property himself. The defendants thereafter filed their answer, wherein they denied that there had been any default of the provisions in the mortgage, and that therefore the plaintiff was not entitled to the possession thereof for the purpose of foreclosing the mortgage, and in the same pleading by way of crosspetition they asked damages against the plaintiff for certain tortious acts of his, including conversion of the property, said conversion consisting of the sale thereof prior to determination of the issues in the replevin action. When the case came on for trial the defendants dismissed their claims for damages against the plaintiff on all issues alleged in their answer except the aforesaid conversion, and had those issues docketed separately, so that the case was tried on the theory that if the defendants were entitled to any damages against the plaintiff, it was solely by reason of his aforesaid conversion of the property.

The trial court sustained a demurrer to the plaintiff's evidence in that action, and submitted to the jury the question of the extent of the damages suffered by defendants by reason of plaintiff's conversion of the property. The jury found that the reasonable market value of the property exceeded the amount of the mortgage indebtedness of the defendants to plaintiff, and returned a verdict for the defendants in the amount of said excess. The trial judge entered judgment on the verdicts, and that judgment became final. Thus, the plaintiff failed to prevail in his replevin

action, and the defendants recovered judgment for damages against him for his conversion of the replevined property pendente lite.

The defendants in the foregoing action then filed this action against the sureties on the replevin bond which had been posted by plaintiff upon the commencement of the former action, the judgment not having been paid. Thus the defendants in the first action are the plaintiffs in this action, and the sureties on plaintiff's replevin bond in the first action are the defendants in this action.

Eight separately numbered propositions are contained in the brief of plaintiffs in error, but they are largely interrelated and may be combined for purposes of discussion. Several of these propositions, in their last analysis, are predicated upon the assumption that if the defendants in the replevin action (present plaintiffs) were indebted to the mortgagee upon· the date the replevin action was filed, the mortgagee was entitled to the possession of the property as a matter of law, and that. therefore no judgment could be validly entered against the sureties on the replevin bond, since the gist of the action was the right to possession at the commencement of the action. And replying thereto in their briefs, defendants in error say that this assumption is incorrect.

It is self-evident that the right of the plaintiff in the replevin action to the possession of the property, by reason of any alleged default in the mortgage, is an issue which was determined and foreclosed in that action. Only the pleadings in that action, and certain statements of counsel therein, are before us in the present record. Those pleadings reveal that the defendants therein, who are plaintiffs in this action, denied that there was any default in the mortgage. But even assuming that there was a default in the mortgage on the date the replevin action was filed, nevertheless, in view of the general denial subsequently filed therein, the defendants were entitled to a judicial determination of that question, in that action. Whether there was a default in the mortgage could not be judicially determined until the trial of the case on its merits. The defendants in that action may have produced evidence that the mortgage was not in default, in which case

the plaintiff's attempted replevin of the property would have failed. But before the defendants had filed any answer in that action the plaintiff posted notices of sale, and sold the property under the mortgage. This was conversion. In Salisbury v. First Nat. Bank of Taloga, 99 Okla. 138, 221 P. 444, in a similar case, we held that:

"The sale of the property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion and does not bind the defendant. And on the final trial of the cause, the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same should plaintiff fail, and in the event the plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be."

We held in Mid-Continent Motor Securities Co. of Tulsa v. Art Harris Transfer & Storage Co. of Muskogee, 97 Okla. 139, 223 P. 130, that where a mortgagee who had brought an action for possession of mortgaged property for the purpose of foreclosure, and obtained possession thereof under a replevin bond, sold the property at foreclosure sale before the final determination of the replevin action, the same constituted conversion. That is the rule in this state, and it was so held in those decisions and in the decisions cited below.

Section 10956, O. S. 1931, 42 Okla. St. Ann., sec. 22, provides that the wrongful conversion of personal property by the person holding the lien thereon extinguishes the lien. When the plaintiff files his replevin bond for the purpose of taking immediate possession of the property upon the institution of the suit, and thereby obtains possession of it, the possession is not his for all purposes, but the property is really in custodia legis, and must remain in that status until final determination of the controversy. Federal Nat. Bank of Shawnee v. Lindsey, 172 Okla. 30, 43 P. (2d) 1036.

Since in such cases the plaintiff does not have legal title to the property, his conversion thereof prior to the determination of the right to possession is a conversion of the defendant's property, which is a tort, for the redress of which the defendant may have his damages; subject, of course, to proof of said damage.

Although the gist of the action of replevin is the right of the plaintiff to immediate possession of the property at the commencement of the action, if the rights of the parties change pendente lite, the judgment should adjust the equities as they stand at the rendition of the judgment. Brook v. Bayless, 6 Okla. 568, 52 P. 738; Cherry v. Sharp, 172 Okla. 241, 45 P. (2d) 70. The time of conversion of the property mortgaged, whether prior or subsequent to the commencement of the replevin action, is immaterial. Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, 57 A. L. R. 17. Both the title and the equitable rights of the parties may be determined in the statutory action of replevin, subject to the qualification that the equities to be settled must relate to the property involved or to rights arising out of the contract. Pease v. Golightly, 168 Okla. 582, 35 P. (2d) 469, 94 A. L. R. 956.

Where the mortgagee institutes a replevin action for the purpose of foreclosing his mortgage, and obtains possession thereof at the commencement of the action because of having filed a replevin bond, and then sells the property at foreclosure sale prior to the determination of the issues in the replevin action, the same constitutes conversion for which the defendant may obtain damages against the plaintiff by way of cross-petition in the same action, or may obtain a set-off against the mortgage debt to the extent of the reasonable market value of the property, if the market value is less than the debt. Scott v. Standridge, 117 Okla. 111, 245 P. 591; Brown v. Chowning, 59 Okla. 278, 159 P. 323; Dupree v. Jordan, 123 Okla. 91, 252 P. 67; Mid-Continent Motor Securities Co. of Tulsa v. Art Harris Transfer & Storage Co. of Muskogee, 97 Okla. 139, 223 P. 130; Ranney-Alton Merc. Co. v. Hanes, 9 Okla. 471, 60 P. 284; Salisbury v. First Nat. Bank of Taloga, 99 Okla. 138, 221 P. 444; U. S. Fidelity & Guaranty Co. v. Harmon, 92 Okla. 167, 218 P. 682; Wilson Motor Co. v. Dunn, 129 Okla. 211, 264 P. 194, 57 A. L. R. 17; Federal Nat. Bank of Shawnee v. Lindsey, 172 Okla. 30, 43 P. (2d) 1036; First Nat. Bank v. Kreuzberg, 75 Okla. 97, 181 P. 717, to the contrary, was expressly overruled by Wilson Motor Co. v. Dunn, supra.

The sureties contend, however, that the defendants in the replevin action (plaintiffs here) were not entitled to judgment for damages in the replevin action, in view of the fact that they did not claim return

of the property. In this connection they cite section 791, O. S. 1931, 12 Okla. St. Ann. sec. 1580, to the effect that:

"* * * If the property has been delivered to the plaintiff, and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

We do not agree with this contention. It appears clear to us that if the plaintiff mortgagee has converted the property to his own use, either by buying it in himself or by selling it to some third party, the defendant may recover for the conversion. In such a case the tortious act of the plaintiff has intervened, pending determination of the right to possession, and it would be inconsistent to require the defendant to claim a return of the property before he could recover damages for the conversion thereof. In effect, this would be permitting the tort-feasor to choose his own method of giving redress therefor.

Section 784, O. S. 1931, 12 Okla. St. Ann. sec. 1573, dealing with the replevin bond which measures the liability of the sureties, is:

"The order shall not be issued by the clerk until there has been executed in his office, by one or more sufficient sureties of the plaintiff, to be approved by the clerk, an undertaking in not less than double the value of the property as stated in the affidavit to the effect that the plaintiff shall duly prosecute the action, and pay all costs and damages which may be awarded against him, and if the property be delivered to him, that he will return the same to the defendant if a return be adjudged. * * *"

It is apparent from the above section that the undertaking in replevin is a guaranty of three things: (1) That the plaintiff shall duly prosecute the action; (2) pay all costs and damages which may be awarded against him; and (3) if the property be delivered to him, that he will return it to the defendant if a return be adjudged. It therefore is not necessary that a return be adjudged as a condition precedent to liability of the sureties on the second undertaking. The undertakings are separate (Citizens' State Bank v. Morse, 60 Kan. 526, 57 P. 115; Ranney-Alton Merc. Co. v. Hanes, 9 Okla. 471, 60 P. 284), and liability may accrue by either of the three contingencies. It should be noted that the damages in this case were not alternative, in lieu of return. The plaintiff having elected to convert the property before the issues could be determined, it is but fair that he should be bound by the result thereof, and we are not impressed with the contention that he should be permitted to choose his own medium of payment of the damages which are thereby visited upon his adversary. His conversion injected a new element into the case. This is in accord with the general holding of the cases, and is reasonable and just.

The sureties on a replevin bond undertake that they will see that the principal performs the judgment (Dupree v. Jordan, 123 Okla. 91, 252 P. 67), and the sureties on the bond are bound by the judgment against the principal arising out of the same transaction, except in cases involving lack of jurisdiction (U. S. Fidelity & Guaranty Co. v. Harmon, 92 Okla. 167, 218 P. 682; Carpenter v. Reo Sales Co., 170 Okla. 538, 39 P. (2d) 130; Grimes v. Payne, 116 Okla. 295, 244 P. 753).

Other propositions are advanced by the plaintiffs in error, which we have considered but find without sufficient merit to necessitate discussion.

The judgment is affirmed.

OSBORN, C. J., and CORN, GIBSON, and HURST, JJ., concur.