**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 10, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

CHARLES ANTHONY LOUIE,

    Plaintiff - Appellant,

v.

HECTOR RIOS, Warden, Lawton
Correctional Facility; LAKEYAH
NEWSON, Corrections Officer; FNU
WALKER, LCF Corrections Officer; SGT.
FNU THOMAS-CRUZ, LCF Corrections
Officer; CAPTAIN ROBERT JONES, by
and through Warden Rios; FNU
EYKAMP, Computer Teacher; SHERYL
CLARK, Unit Manager; LIEUTENANT
DEBBIE JOHNS, Grievance Coordinator,
by and through Warden Rios; LT.
CANTWELL, Investigator, by and through
Warden Rios; BILLY GIBSON, ACA
Executive, by and through Warden Rios;
BRITTANY HOLMSTROM, ACA
Executive; MARK KNUTSON, Oklahoma
Department of Corrections Designee;
PRESTON DOEFLINGER, Director and
Secretary of Finance Administration and
Information Technology,

    Defendants - Appellees.

No. 19-6041
(D.C. No. 5:15-CV-00893-SLP)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,

_____

Before **HARTZ**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Plaintiff Charles Anthony Louie, an Oklahoma prisoner proceeding pro se, appeals from the order of the United States District Court for the Western District of Oklahoma granting summary judgment in favor of Defendants on his claims under 42 U.S.C. § 1983.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Plaintiff is incarcerated at the Lawton Correctional Facility (LCF), a private prison under contract with the Oklahoma Department of Corrections.  Plaintiff testified at his deposition that he kept in his prison cell a considerable amount of paperwork.  He alleges that Defendants, who have all been employees of LCF, intentionally destroyed his legal materials and other possessions during an institutional shakedown of his prison cell.

Plaintiff's complaint asserts claims under federal and state law against Defendants for deprivation of his property and failure to respond to his prison administrative grievances.  The district court sua sponte dismissed the claims based on Defendants' alleged mishandling of his administrative grievances for failure to state a claim, and it granted summary judgment in favor of Defendants on the deprivation-of-property claim. The court declined to exercise supplemental jurisdiction over his state-law claims.  On appeal Plaintiff challenges only the district court's ruling on his due-process claim for deprivation of his property.

_____

however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

"We review the district court's grant of summary judgment de novo, applying the same legal standard [that should be applied] by the district court. Summary judgment is appropriate if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Darr v. Town of Telluride*, 495 F.3d 1243, 1250–51 (10th Cir. 2007) (citation and internal quotation marks omitted).

As the district court recognized, unauthorized intentional deprivations of Plaintiff's property do not violate due process if an adequate postdeprivation remedy is available under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533–36 (1984). Plaintiff does not argue that Oklahoma lacks such remedies or that they are inadequate, and they appear to be available against employees of a private prison. *See* Okla. Stat. tit. 12, § 1571 (2016) (replevin); *Steenbergen v. First Fed. Sav. and Loan of Chickasha*, 753 P.2d 1330, 1332 (Okla. 1987) (conversion). Instead, he argues without authority (1) that a federal remedy exists under all circumstances, regardless of the adequacy of a state remedy, and (2) that due process requires a predeprivation procedure. But both arguments are contrary to *Hudson*. *See* 468 U.S. at 533.

Plaintiff also attacks the factual basis for the district court's ruling. He appears to argue that factual disputes preclude summary judgment, that the factual allegations of his complaint should be accepted under Federal Rule of Civil Procedure 12(b)(6), and that he does not have access to the video footage of the search of his cell. There are, however, no factual disputes relevant to the disposition of his due-process claim. Given the factual allegations underlying his claims, all that is relevant is that he has an adequate postdeprivation remedy in state court.

Finally, Plaintiff's briefs in this court mention a possible theory of liability based on the Eighth Amendment. But he failed to present that theory to the district court, so we do not consider the claim. *See Tele–Commc'ns, Inc. v. Comm'r of Internal Revenue*, 104 F.3d 1229, 1232 (10th Cir. 1997) ("Generally, an appellate court will not consider an issue raised for the first time on appeal.").

We **AFFIRM** the judgment of the district court. We **DENY** Plaintiff's motion to proceed on appeal *in forma pauperis* and remind him that he remains obligated to pay the full filing fee.

Entered for the Court

Harris L Hartz
Circuit Judge