## 6001. ECHOLS *v.* HOWARD.

1. There is no merit in the motion to dismiss the bill of exceptions. See *Holmes* v. *Pope,* 1 *Ga. App.* 341 (58 S. E. 281), and cases cited; *Meeks* v. *Carter,* 5 *Ga. App.* 421 (63 S. E. 517).

2. An agent who, acting within the scope of his authority, enters into contractual relations for a principal whom he discloses, does not bind himself, in the absence of an express agreement to do so.

3. The action, both under the pleadings and the evidence, was for breach of warranty, and therefore was not maintainable as an action for deceit. "An action of deceit can not be supported by proof of damages resulting from the breach of a warranty, express or implied. This is so for the reason that the action is one ex delicto, and such proof relates to a cause of action ex contractu." *Brooke* v. *Cole,* 108 *Ga.* 251 (33 S. E. 849).

    DECIDED SEPTEMBER 10, 1915.

Certiorari; from Forsyth superior court—Judge Patterson. September 2, 1914.

*Louis E. Wisdom,* for plaintiff in error.
*Henry N. Kirby,* contra.

RUSSELL, C. J. Howard sued Echols in a justice's court. His petition makes the following allegations: Plaintiff and defend-

ant made "a verbal contract to swap mules." Echols warranted the mules obtained by the plaintiff from him to be sound and free from defects, but this guarantee failed in certain particulars set out in the petition. "The defendant absolutely fails and refuses to comply with his contract as aforesaid, in warranting the soundness of said mule, to the plaintiff's damage in the sum of ninety-five dollars." Echols's answer denied the truth of the petition, and set up further that any trade he had made with the plaintiff was as agent for one C. M. Rider, and not for himself, and therefore that he was not liable for any breach of contract, if in fact there had been a breach. The justice of the peace found for the plaintiff the full amount sued for. A jury, on appeal, found for the plaintiff $50. The judge of the superior court overruled Echols's petition for certiorari, and the case is here on exceptions to this ruling.

The main contention of the plaintiff in error is that he is not the proper party defendant, but that if his breach of warranty has failed, his principal, for whom he was contracting, is liable therefor, and not himself. The defendant in error contends that the defendant is liable for the reason that it was through the defendant's agency and because of his deceit that the loss was occasioned. The evidence in the case is undisputed that the defendant, in making the trade with Howard, was acting as agent for and was in the employ of C. M. Rider. While the plaintiff did not admit that he knew this fact, he was not in position to deny it, and did not attempt to do so, and he admitted that in closing the trade with Echols he gave his note to Rider for the amount of boot he was to pay in the trade. The mules were delivered from Rider's lot. The defendant testified that before the trade was made he told Howard that the mules belonged to Rider. The defendant further testified that he was working for Rider by the month "to trade horses and mules for him," and that he was paid $60 per month for his work, and that he had no interest whatever in the trade made with Howard. None of this was denied. Rider testified that he had Echols hired by the month when the particular trade was made, and that "it was in the usual scope of his employment to swap mules for me, and it was in the usual course of his employment to warrant and guarantee any horses or mules for me. I consider myself bound by anything he does, and am bound thereby." "Mr.

Echols was my agent in this trade." There was no attempt to deny this evidence that the defendant was merely an agent of Rider. And in view of this uncontradicted evidence, as well as of the plaintiff's admission that he had told Rider that he "was looking to him to fix this lame mule," and the fact that he gave a note to Rider in closing the transaction for the balance due, we are of the opinion that the defendant was not liable for any amount, and that the court erred in overruling the petition for certiorari.

Section 3613 of the Code was relied upon in support of the contention that the defendant was liable. This section is as follows: "All agents, by an express understanding to that effect, may render themselves individually liable. And every agent exceeding the scope of his authority is individually liable to the person with whom he deals," etc. We are unable to see wherein liability of the defendant can be founded hereon. There is not even a suggestion in the record that the defendant, by any express understanding, rendered himself liable to the plaintiff. The business in which the defendant was engaged was that of a horse trader for Rider, his principal, and as an agent authorized to sell mules he had authority to make the warranty alleged to have been made by him. *Turner* v. *Manley,* 14 *Ga. App.* 215 (80 S. E. 680). "An agent has by necessary implication the power to warrant the quality of personal property which he sells for his principal." 31 Cyc. 1353. It seems settled, then, that Echols was the agent of Rider, and that he was not exceeding his authority when he sold mules and warranted their soundness and ability to work. This being true, the principal, and not the agent, is liable for the breach of this warranty. "An agent who, acting within the scope of his authority, enters into contractual relations for a disclosed principal does not bind himself, in the absence of an express agreement to do so." 31 Cyc. 1552. "It is a general rule, standing on strong foundation, and prevailing in every system of jurisprudence, that when an agent is duly constituted, and names his principal, and contracts in his name, and does not exceed his authority, the principal is responsible and not the agent." 2 Kent Com. 630. As was said by Judge Pottle, speaking for this court, in *Pyle* v. *Booz,* 10 *Ga. App.* 760 (73 S. E. 1085), "One who buys personalty from an agent of the owner, with knowledge of the agency, can not, upon failure of the owner's title, maintain against the agent an action for dam-

ages for breach of warranty." This is none the less true where there is a failure of the warranty made by the agent at the time of sale. If there is a failure of warranty in such a case the principal and not the agent is liable.

While we recognize the principle that strict pleading is not required in a justice's court, still it is to be noted that the suit in the present case is based upon a "verbal contract." There is no allegation that any fraud was practiced upon the plaintiff. The defendant in error therefore can not now say that his action was one for deceit. "An action of deceit can not be supported by proof of damages resulting from the breach of a warranty, express or implied. This is so for the reason that the action of deceit is one ex delicto, and such proof relates to a cause ex contractu." *Brooke v. Cole,* supra. The suit was on a contract. Whose contract? It was undisputed that it was not Echols's contract. If it was not Echols's contract, and he had never expressly undertaken to render himself liable for his principal's contract, a recovery against him was unwarranted.

The court erred in overruling the certiorari.

*Judgment reversed.*