### NOBLE BROS. v. BALLEW.

No. 6181—Opinion Filed June 6, 1916.

(158 Pac. 906.)

**1. Appeal and Error—Failure to File Brief —Decision on Appeal.**

Where plaintiffs in error have completed their record and filed it in this court, and have served and filed a brief in compliance with the rules of this court, and defendant in error has never filed a brief nor offered any excuse for such failure, the court is not required to search the record to ascertain some possible theory upon which the judgment may be sustained; and, where the brief filed appears reasonably to sustain the assignments of error, the court may reverse the judgment in accordance with the prayer of the plaintiffs in error, or the rights of the parties, or, where the court looks into the record and determines therefrom that under the law and the evidence the trial court was right in its action in instructing the jury to return a verdict for the defendant, and in rendering judgment thereon, the court will affirm the judgment of the trial court, notwithstanding the fact that the defendant in error has not filed a brief and has not assigned any reason for not so doing.

**2. Replevin—Property Held Under Redelivery Bond—Custody of Law.**

Where property is held by a party under bond in a replevin action conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer.

(Syllabus by Davis, C.)

Error from County Court, Carter County; W. F. Freeman, Judge.

Action by Noble Bros., a partnership composed of Eva Noble and others, against D. M. Ballew. Judgment for defendant, and plaintiffs bring error. Affirmed.

L. S. Dolman and W. F. Bowman, for plaintiffs in error.

Sigler & Howard, for defendant in error.

Opinion by DAVIS, C. This was an action in replevin filed by the plaintiffs in error, who will hereinafter be called plaintiffs, against the defendant in error, who will hereinafter be called the defendant, before Felix K. West, justice of the peace of Ardmore township in Carter county, state of Oklahoma, on December 14, 1911, to recover a certain mule, the plaintiffs claiming to be the owner of said animal by virtue of a title note taken by them as vendors to one W. S. Barrett, their vendee. After the sale of said mule and the taking of said note aforesaid, the said W. S. Barrett, as disclosed by the record, before he had paid anything whatever upon the purchase price of said mule as evidenced by said note, on the 29th day of November, 1910, mortgaged the same to the First State Bank of Ardmore, Okla. It appears that the said Barrett never paid anything on said note by way of the purchase price for said mule; that the record in this case does not show that this title note was recorded as required under

section 7911, Compiled Laws of Oklahoma of 1909. in order to make it valid as against innocent purchasers or the creditors of the vendee; that on the 7th day of December. 1911, the First State Bank of Ardmore replevied said mule, in an action of replevin in the district court, from the defendant W S. Barrett; the mule being placed, by the sheriff of said county, in the hands of D. M. Ballew, as agent or custodian for said bank, and held by him 24 hours. whereupon the sheriff took said mule and delivered it to said bank, and said bank, after thus coming in possession of said mule, delivered it to the aforesaid D. M. Ballew to still hold as their agent or custodian under the law pending the final determination of their replevin suit aforesaid in the district court of Carter county. state of Oklahoma. against the said W. S. Barrett, the defendant therein. The record discloses that the bank as plaintiff in the said replevin action in the said district court, gave the usual replevin bond. This was the condition of affairs when the plaintiffs in this action filed their suit against the defendant. Ballew, who was holding said mule as the custodian of said bank. The suit was appealed to the county court of Carter county in due course, a jury was duly called, and a trial in due form had, and the testimony duly taken on both sides and closed. At the close of the testimony in the case counsel of record for the defendant moved the court to instruct the jury to return a verdict for the defendant for the property, or its value, which motion was, by the court, sustained, over the objection of counsel for the plaintiffs, and exceptions duly saved, and the jury, under the instructions of the court, returned a verdict for the defendant for the recovery of the brown mare mule in question, or its value, in the sum of $125. This was done on the sole ground that, at the time the plaintiffs in this action brought their replevin suit for this mule. in the justice of the peace court aforesaid. the mule in question was in custodia legis. the bank having replevied the same animal in a replevin action in the district court of Carter county against the said W. S. Barrett, under bond. and the property was at that time being held by the custodian of said bank. D. M. Ballew. and the replevin action was undetermined. Later it appears that this replevin action brought by the bank against Barrett was dismissed without prejudice on February 5th, 1912.

The petition in error, with case-made attached. was filed in this court, in this case, on March 21. 1914. The plaintiffs filed their brief on January 14, 1915, and up to this date the defendant has not filed any brief nor offered any excuse for such failure. While under the rule of this court, where the brief of the plaintiff reasonably appears to support the assignments of error, the court will not search the record to ascertain some possible theory upon which the case may be affirmed, but if the assignments of error appear to be reasonably supported by the record the case will be reversed, still this court will look into the record in such cases and take such action as the rights of the parties under the law and the facts require. Under the law and the evidence in this case, as we view it, from an examination of the record and the reported cases, we are of the opinion that the action of the trial court in instructing the jury at the close of the testimony in the case to return a verdict in favor of the defendant and against the plaintiffs was proper. Farmers' State Bank of Arkansas City. Kan., v. Stephenson et al., 23 Okla. 695· 102 Pac. 992; Bohannon v. Jennings, 31 Okla. 254, 121 Pac. 195; McKinney v. Purcell, 28 Kan. 446.

In this connection see the case of Hamill et al. v. Peck, 11 Colo, App. 1, 52 Pac. 216,. and the numerous authorities therein cited, wherein a judgment debt is held not subject to garnishment by process from a court other than that in which the judgment was rendered, for a well-considered case with closely analogous reasoning to the question involved in the instant case.

For the reasons stated hereinabove the judgment of the county court of Carter county, Okla., will be affirmed.

By the Court: It is so ordered.