## SALISBURY v. FIRST NAT. BANK.

No 12269—Opinion Filed Nov. 6, 1923.

Rehearing Denied Dec. 26, 1923.

Second Rehearing Denied May 13, 1924.

**1. Replevin—Custodia Legis—Effect of Bond.**

Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

**2. Same—Right to Sell Property to Satisfy Mortgage Before Judgment in Replevin.**

Said property being in custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevined in order to be foreclosed under a chattel mortgage, until such replevin action had been finally determined.

**3. Same—Effect as Conversion.**

The sale of property pending the suit, while in custodia legis, by the plaintiff, constitutes conversion and does not bind the defendant. And on the final trial of the cause, the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same, should plaintiff fail, and in the event the plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Dewey County; T. P. Clay, Judge.

Action by First National Bank of Taloga against J. G. Salisbury. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Swindall & Wybrant, for plaintiff in error.

W. P. Hickok, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Dewey county, Okla., on the 16th day of December, 1918, by defendant in error, First National Bank of Taloga, Okla., against plaintiff in error J. G. Salisbury, to recover upon certain promissory notes aggregating $7,600, and interest, and to foreclose a chattel mortgage given to secure the same on certain live stock. It appears from the records that the plaintiff filed two separate petitions with various exhibits attached, one for the purpose of recovering on the notes and one to foreclose mortgage, but all of said pleadings were filed by the court clerk as one case and styled and numbered as one case.

An affidavit for replevin being filed, a writ of replevin was issued under which the officers took charge of the greater part of the cattle and horses covered by said mortgage, and after holding same for the statutory period of time and no redelivery bond being given, delivered same to plaintiff, who proceeded to advertise and sell the same under the statutory procedure for foreclosing chattel mortgages, realizing from the sale the sum of $4,401.75, and thereafter the plaintiff filed a supplemental petition in said case in which credit was given to the defendant for said amount.

On May 5, 1919, the defendant having failed to answer the said cause and answer day having passed, judgment was entered against defendant by default for the balance due after the credit as set up in the supplemental petition had been duly given. Judgment was rendered for $4,074.90, and on the following day, May 6th, defendant appeared and filed motion to set aside the judgment rendered against him and for leave to further plead, and on the 7th day of May, 1919, said motion was sustained upon condition that the defendant should pay the cost of said action to date, not including cost of attachment or replevin, and that he answer to plaintiff's petition instanter.

The defendant excepted to that portion of the order requiring him to answer and not permit him to file any motion or demurrer in said case, and thereafter defendant moved the court for permission to file a demurrer to the petition, on the grounds and for the reason that separate causes of action were improperly joined, to wit:

"Separate cause of action upon promissory notes and the action in replevin."

Said motion and request was by the court denied, whereupon the defendant immediately answered and set up his defense as follows: He admits the execution and delivery of the notes and mortgage hereon and especially denies each and all other allegations contained in plaintiff's petition, and further answering avers that on the 15th day of October, 1918, defendant made a verbal agreement with one D. D. Delaney, who was at that time managing officer of plaintiff bank, wherein it was expressly agreed that defendant should turn over and deliver to plaintiff all of the property described in said chattel mortgage, except eight head of yearlings, that said property was to be left in the possession of the defendant, Salisbury, and that he was to

receive the sum of $2.50 per head per month for caring for and keeping said live stock, and avers that pursuant to said agreement he did turn over to plaintiff title and possession of all of said property described in said mortgage, except eight head of yearlings. That plaintiff was to release and discharge said chattel mortgage of record and surrender up and deliver to defendant, Salisbury, the notes described in plaintiff's petition in consideration for the delivery of said property, and further avers that he has kept and performed all the conditions of the agreement and that plaintiff is indebted to him in the sum of $282.51 for caring for and keeping said stock, and further answering says that should the court hold that said mortgage lien has not been settled, then defendant further answering avers that on the 17th day of December, 1918, plaintiff took possession of the property described in said mortgage under a writ of replevin issued in this action and that thereafter, while said action was still pending, on or about the 1st day of January, 1919, plaintiff unlawfully and wrongfully sold and converted to its own use and benefit the property taken under the writ of replevin, and that at said time the property was reasonably worth at its market value $10,250, and more than sufficient to settle the notes and mortgage of plaintiff, and further avers that said plaintiff took charge of eight head of milk cows, the property of this defendant, which were not included in said mortgage and converted same to its own use and benefit. That said cattle were of the reasonable value of $600, and prays judgment for said amounts aggregating $882.57.

Plaintiff in error assigned numerous assignments of error and in the brief divides same into various propositions, and we will adopt and discuss same in the manner presented in brief.

First, he complains that the court erred in overruling motion for new trial, and in refusing to permit defendant to demur to plaintiff's petition and supplemental petition, and erred in overruling the objections of the defendant to the introduction of evidence in support of that portion of the petition wherein plaintiff seeks to join said cause of action. Defendant contends that the joining of the cause of action on the note and replevin in connection with the foreclosure proceedings constitutes a misjoinder. We think, however, that the court was clearly within its discretion when it vacated the default judgment on condition that the defendant would immediately answer, and 23 Cyc. 970, provides:

"It is in the discretion of the court on opening a judgment to require as a condition that the defendant shall plead issuably, or to the merit, or it may in its discretion make it a condition that he shall forbear to set up some particular defense which is considered unconscionable or purely technical. In like manner if it deem proper restrict him to the defense set up in his petition or moving paper."

And the defendant having answered under the direction of the court and according to the condition of the order vacating the judgment, we think eliminates any objection that might originally have been urged against the pleadings; in fact, we see no good reason why causes of action such as we are here concerned with might not very properly be joined in the same action. But this question is not material in this case.

The second proposition urged by the plaintiff in error, defendant below, raises the question that the plaintiff having filed an affidavit in attachment and a writ of attachment having issued in the case, that it is now estopped from claiming under or establishing its mortgage lien, and while this is the rule. or law followed by this court, it is immaterial here for the reason that it is conceded that the attachment did not affect or run against any of the property covered by the mortgage, and hence could in no wise affect the mortgage lien.

The third proposition presented in plaintiff in error's brief goes to the question of conversion. It seems that the plaintiff. defendant in error, after acquiring possession of the property in controversy, and pending the litigation, proceeded to sell the property taken under the writ of replevin, and upon which it had the mortgage, by pasting notices as required by law, and said property sold for the sum of $4,500, and after deducting the expenses of the sale, plaintiff gave credit to defendant in the sum of $4,405.75 as of January 6, 1919. And in support of this contention plaintiff in error cites the case of Farmers' State Bank of Arkansas City, Kansas, v. Stephenson et al., 23 Okla. 695, 102 Pac. 992, where the court said:

"Where property is held by a party under bond in a replevin action, conditioned for redelivery of the specific property, in the event he should not prevail in the action such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

"Said property being in custodia legis, the proceeds of the sale thereof could not be applied as a credit upon the mortgage debt for the satisfaction of which the same was being replevied, in order to be fore-

closed under a chattel mortgage, until such replevin action had been finally determined."

And in the case of Grossman Co. v. White, 52 Okla. 117, 152 Pac. 816, the court said:

"Where property is held by a party under bond in a replevin action, conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer."

And also in the case of Noble Bros. v. Ballew, 59 Okla. 90, 158 Pac. 906, the court held:

"Where property is held by a party under bond in a replevin action conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer."

From a careful examination of these authorities we would not say that the facts are identical with the facts in the case at bar, but we are inclined to the opinion that the same rule of law as announced in those cases is applicable to this case. As we gather from the records the court refused to permit plaintiff in error to make proof of a reasonabe market value of property taken and sold under the writ of replevin pending the replevin suit and foreclosure proceedings, and suit on notes and refused to instruct the jury on this question. We think, under the authorities cited, that this constituted reversible error. We take it that under the law of this state that the property when sold was in custodia legis and that it constitutes a conversion of the property, and in cases such as this, where it appears that the plaintiff in the lower court is clearly entitled to recovery, the final results of the litigation may not be materially different from the result of the trial with which we are now concerned. But under the law, we think the plaintiff had the right to make proof of the reasonable market value of the property, and would be entitled to credit on his indebtedness for whatever amount he is able to show the property was reasonably worth, and should the proof disclose that the property is worth more than the amount for which it sold, he, of course, is entitled to the benefit of the full market value of his property at that time.

There are various other questions raised in this case, but we think this one is decisive of the rights of the parties and is the only error complained of which constitutes reversible error. We therefore make no further mention of the other errors complained of and recommend that the case be reversed and remanded to the lower court for further proceedings in conformity to this opinion.

By the Court: It is so ordered.