### 28840.   CROSBY *et al. v.* CALAWAY.

DECIDED JULY 8, 1941.

*J. B. Moore, G. W. Lankford, W. S. Mann,* for plaintiffs in error. *H. L. Williams,* contra.

GARDNER, J.   With reference to the motion to dismiss the writ of error, grounds (1) because the assignment of error is insufficient in law, and (2) because rule 9 of this court is not complied with in that there is a failure to state the reasons why this court and not the Supreme Court has jurisdiction, are without merit.   Ground 1 is controlled adversely to movant by *Baker* v. *Higgenbotham,* 186 *Ga.* 895 (199 S. E. 174), and cit.   Ground 2 is controlled adversely to movant by *Kerns* v. *Crawford,* 51 *Ga. App.* 158 (179 S. E. 854).

This case is for review on exceptions to the judgment overruling the demurrers to the petition.   The petition as amended alleged in part: "L. K. Calaway  .  .   brings this his petition against John W. Crosby of said county, C. F. Stewart of Toombs County, and the McRae Coca-Cola Bottling Company, a corporation with an agent and a place of business and a resident of Telfair County, Georgia, hereinafter styled and referred to as defendants in said

cause. (1) The defendants have jointly injured and damaged your petitioner in the sum of $5000 by reason of the facts hereinafter set forth in said petition. (2) The defendants will be referred to in said petition as follows: (a) John W. Crosby, the deliverer and the distributer; (b) C. F. Stewart, the dealer and the owner of the Sims Store in the City of Baxley; and (c) the McRae Coca-Cola Bottling Company, the manufacturer of the bottle of coca-cola hereinafter referred to. (3) The dealer owns the Sims Store in the City of Baxley, and sells cold drinks and soda water in bottles, the deliverer and the distributer was an agent and an employee of the said dealer, Sims Store, on the 4th day of October, 1939, and on said date, the said distributer did sell and deliver to your petitioner a bottle of coca-cola, . . which bottle was closed with a metal cap fitted over the mouth, the substance being a light wine color and the bottle and its contents being transparent; when served the cap is usually removed by the distributer and handed to the customer, and the contents are usually drunk from the bottle. On the occasion in question the bottle of coca-cola was served the plaintiff by the distributer; he removed the cap from the bottle, handed it to petitioner for immediate consumption without examining the same, and petitioner in the usual customary way of drinking, turned his head back and turned the bottle up and began to drink the contents of said bottle, which had been sold to him as a wholesome food, a beverage to drink, which contained a poison rotten spider, an insect which was unwholesome for both food and beverage and which was detrimental to health, which petitioner discovered after he had probably swallowed a part of the insect, and the remainder of the spider was in his mouth. (4) Petitioner shows [that] the manufacturer of the said bottle of coca-cola which contained the insect called the spider was placed in said bottle by the carelessness of the manufacturer, their agents, servants, and employees, working for them and by their instructions; which could have been discovered by the manufacturer and by the dealer and by the distributer, by the exercise of the methods of inspections, namely by inverting the bottle of coca-cola and its contents before some light which an ordinary eye could have seen as the fluid in said bottle was a light wine color and the bottle was transparent and the spider was almost black with a few light streaks across its body; by holding the bottle of coca-cola before a light and examin-

ing the contents in said bottle; but this could not be done after bottle was uncapped without spilling the contents, as it was impossible to invert the bottle and save the fluid after the bottle was uncapped. (5) Petitioner shows by reason of his drinking the said coca-cola which contained the poison insect which [had] been sold to him for immediate consumption, as a wholesome beverage for food, as soon as the same was discovered by petitioner, he began to vomit" and suffered described injuries. "(8) Petitioner shows that in addition to the negligence heretofore alleged: that each of the defendants were negligent in the following particulars: (a) in furnishing petitioner with a beverage for food for immediate consumption, which was unwholesome, poisonous, injurious in substance in the manner alleged; (b) in the failure to exercise ordinary care and diligence by the manufacturer in inspecting the said bottle of coca-cola before offering the same to the dealer for sale, likewise, the dealer in inspecting the said bottle of coca-cola before turning the same over to the distributer or deliverer, and likewise the distributer or deliverer to the petitioner, for consumption; which could have been discovered by the exercise of ordinary care and diligence on the part of each of the defendants."

Crosby filed the following demurrer: "(1) The allegations of said petition are insufficient in law to make a case against this defendant or to authorize recovery as prayed. (2) The allegations of said petition are too vague and indefinite in that it is not clear and certain what relation it is claimed by plaintiff that this defendant sustains to said Sims Store or to the defendant Stewart, the owner thereof, whether as clerk, manager, or other kind of employee. (3) It is a misjoinder of parties defendant. (4) Said petition fails to disclose a duty by this defendant to plaintiff or any act of this defendant that would be or constitute negligence as against the plaintiff."

Stewart and the McRae Coca-Cola Bottling Company presented separate but identical demurrers, as follows: "(1) It appears from the allegations of said petition that this court is without jurisdiction of this defendant in that it appears that this defendant is a resident of Telfair County, Georgia, and that John W. Crosby is the only defendant resident in Appling County, Georgia. It further appears from said petition and from the allegations thereof that no cause of action is alleged as against said resident defend-

ant, John W. Crosby. (2) The allegations of said petition are insufficient in law to make a case against said defendant, John W. Crosby, for the reason that said defendant, John W. Crosby, is a mere clerk of and for the defendant, C. F. Stewart, resident of Toombs County, Georgia, and that the said Crosby owed no duty to the plaintiff in and about the matters complained of. (3) That the allegations of said petition fails to show actionable negligence on the part of the said John W. Crosby and if there was negligence by and on the part of the said John W. Crosby that the plaintiff was fully aware thereof and might and could have avoided the consequences thereof by the exercise of ordinary care. (4) It is a misjoinder of parties defendant in that no joint or concurring acts of negligence of the defendants is alleged. (5) The allegations of said petition are insufficient in law to show a right of recovery against this defendant. (6) The allegations of said petition show that said alleged injury is a result of the failure of plaintiff to use and exercise ordinary care. (7) Defendant demurs specially to said petition for the reason that the same is too general, vague and indefinite in that it does not clearly appear what relation the said John W. Crosby sustained to the said C. F. Stewart and his alleged store, whether that of manager or a mere clerk."

The third line of the third paragraph of the petition (referring to said Crosby) was amended as follows: "and an employee and joint manager of the Sims Store with Earl Brice." After amendment was allowed Crosby demurred as follows: "Defendant renews and urges each and all of the grounds of his original demurrer, both general and special." Stewart demurred to the petition as amended as follows: "Defendant renews and urges each and all of the grounds of his original demurrer, both general and special." McRae Coca-Cola Bottling Company filed its demurrer to the petition as amended as follows: "(1) The allegations of said petition as amended are insufficient in law to show a duty by the said John W. Crosby to the plaintiff or to show a breach of duty on the part of the said John W. Crosby to the plaintiff; that said petition fails to show a duty on the part of the said John W. Crosby to the owner and proprietor of the Sims Store, C. F. Stewart, with respect to the matters and things complained of in said petition and fails to show a breach of any such duty by and on the part of the said John W. Crosby. (2) This defendant renews its demurrer

heretofore filed, general and special, on each and all grounds thereof and particularly urges that said petition shows on its face that this court is without jurisdiction of this defendant." The court over-ruled all the demurrers.

From our view of the case, the ruling on the demurrer of Crosby is controlling. If Crosby is not liable, the court is without juris-diction. The petition, stripped of all actionable participation of Crosby in the transaction, would leave the liability of the other two defendants to be determined by a jury. The question as to whether or not a retailer and bottler of coca-cola is liable is fully discussed and determined by this court in *Davis* v. *Williams,* 58 *Ga. App.* 274, 278 (198 S. E. 357) ; therefore, we will discuss the legitimate place of Crosby in the picture, as drawn by the pleadings of all the parties. To get the best possible view of it, we have set forth ver-batim the material portions of the pleadings.

It is admitted by all that Crosby was the agent of Stewart. But this would not necessarily make him liable to the plaintiff by merely selling the plaintiff a coca-cola under the circumstances alleged, unless, by reason of his agency, he owed the plaintiff the duty to exercise the degree of diligence exacted of him under the allega-tions of the petition, or unless, on the other hand, his relations with Stewart were such that he owed the duty to Stewart to per-form the duties exacted of him under the allegations of the peti-tion. As to this first proposition, "It is settled that there can be no negligence unless there is some duty of diligence." *Harden* v. *Georgia Railroad Co., 3 Ga. App.* 344, 347 (59 S. E. 1122). In determining this the petition must be construed more strongly against the plaintiff. *Srochi* v. *Hightower, 57 Ga. App.* 322 (195 S. E. 323) ; *Krueger* v. *MacDougald, 148 Ga.* 429 (96 S. E. 867). "On general demurrer the allegations of the petition will be con-strued most strongly against the pleader, and allegations of mat-ters vitally essential to set up a good cause of action will not be implied from the pleading, but must be distinctly made therein." *Evans* v. *Dickey, 50 Ga. App.* 127 (177 S. E. 87). The allega-tions of the petition with reference to Crosby stated that he would be referred to as the "deliverer" and the "distributer," and by amendment as to line 3 in the third paragraph, as "an employee and joint manager of the Sims Store with Earl Brice." Putting this verbiage together, we have the allegations of the petition with

reference to Crosby in substance as follows: that Crosby, an employee of Stewart, retailed and distributed to the plaintiff a bottle of coca-cola which caused his alleged injury, and that at the time of the purchase of the coca-cola Crosby was a joint manager of Stewart's store with Earl Brice. Code, § 105-108, provides for the liability of the principal for the acts of the agent by his command or in the prosecution and within the scope of his business, whether the same shall be by negligence or voluntary, but it does not conversely provide that the agent is liable for the neglect or default of the principal. "Ordinarily an agent is not liable to third persons for acts of nonfeasance." *Coffer* v. *Bradshaw,* 46 *Ga. App.* 143 (167 S. E. 119); *Chambers* v. *Self,* 53 *Ga. App.* 437 (186 S. E. 203). The agent is not liable for the failure of the principal to discharge affirmative duties which the principal may owe, but the principal is liable for the carelessness of the agent. *Kimbrough* v. *Boswell,* 119 *Ga.* 201 (45 S. E. 977); Cramblitt *v.* Percival-Porter Co., 176 Iowa, 733 (158 N. W. 541, L. R. A. 1917C, 77, 81). Code, § 105-1101 provides: "Any person who knowingly or carelessly sells to another unwholesole provisions of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury." These provisions do not apply to clerks or agents who are not shown to have undertaken to perform the duty of inspection required of distributers or retailers. We think this section is applicable to principals and not to agents. *Echols* v. *Howard,* 17 *Ga. App.* 49 (2) (86 S. E. 91). It has been held that the provisions of Code, §§ 96-301, 96-306, are applicable to principals and not to agents. *Echols* v. *Howard,* supra; *Pyle* v. *Booz,* 10 *Ga. App.* 760 (73 S. E. 1085). Under the allegations of the petition as applied to Code, § 4-304, the sale in question was in law a sale of Stewart and not of the employee, Crosby. We are not unmindful that Code, § 4-409, provides that an agent is liable for his own tortious acts, but we do not think the petition shows any wrongful act of the agent Crosby. It is not alleged that the agent knew or that he could have known of the foreign substance in the coca-cola in any way other than by an inspection before a light. There is no allegation with reference to the appearance of the bottle being out of the ordinary that would have put Crosby on notice that it was defective. It is ordinarily a whole-

some drink. There are no facts alleged to show that in this transaction Crosby was the alter ego of Stewart, by a contract or otherwise. The allegation that Crosby was manager with Brice is not sufficient in the face of the demurrer calling for more particularity. It is not set forth what his duties were, what Brice's were, and in what particulars he was joint manager, nor are there any details whatsoever as to the duty of Crosby.

It is true that in *Southern Railway Company* v. *Smith,* 55 *Ga. App.* 689 (191 S. E. 181), this court held: "'A servant is personally liable to third persons when his wrongful act in the course of his employment is the direct and proximate cause of injury to them, whether the wrongful act be one of misfeasance or nonfeasance. It is not his contract with the principal which exposes him to, or protects him from, liability to third persons, but his common-law obligation so to use that which he controls as not to injure another.' *Atlantic Coast Line R. Co.* v. *Knight,* 48 *Ga. App.* 53 (171 S. E. 919)." It will be noted that in *Atlantic Coast Line R. Co.* v. *Knight,* supra, the section foreman was held jointly liable with the railroad company for failure to keep the right of way clear of combustible materials. These two cases last cited proceeded on the theory that the employee had undertaken, for the principal, to perform the duty that the principal owed the third person, and that having so undertaken the duty the agent assumed the liability to the third person. It is not alleged in the petition now under consideration that Crosby contracted any such undertaking.

"An agent is subject to liability if, by his acts, he creates an unreasonable risk of harm to the interests of others protected against negligent invasion." 2 Restatement of the Law, Agency, 769, § 350. An employee aiding in canning food products that are then in a dangerously defective condition, is liable to the person injured if the agent knows of that condition; he would not be liable unless he knew of the defect. Id.

In view of what has been said, an agent or clerk in a retail store, who merely passes out the articles and receives the price for the principal, is not liable for defects in the article sold unless he has actual knowledge of the defect, or unless he assumes the responsibility which the law places upon retailers and distributers of food, or unless he owes some particular duty to the purchaser; none of which appears under the allegations of the petition now under con-

sideration. Before an agent becomes liable for an act of omission alleged to have constituted negligence with resultant injury it must appear that such agent agreed to perform such act for his principal, or had assumed to perform it. The present petition failed to allege that the agent had agreed to perform the act, or had in any way accepted responsibility for it, or had assumed its performance. *Risby* v. *Sharp-Boylston Co.*, 62 *Ga. App.* 101 (2) (7 S. E. 2d, 917), and cit. See also 2 Am. Jur. 263, §§ 333, 334.

The petition having been brought in the county of the residence of Crosby, and Stewart and the bottling company residing in counties other than the situs of the suit, the court erred in overruling the demurrers to the petition.

*Judgment reversed. Broyles, C. J., concurs.*

MACINTYRE, J., concurring specially. This is a case of selling food (coca-cola) for immediate consumption, and should not be likened to a case of the sale of commodities such as hardware. Code, § 105-1101, declares: "Any person who knowingly or carelessly sells to another unwholesome provisions of any kind, the defect being unknown to the purchaser, by the use of which damage results to the purchaser or his family, shall be liable in damages for such injury." I think this section was meant to include any person, not only dealers or manufacturers, but also the clerks of dealers who knowingly or carelessly (negligently) sell to another unwholesome food. The liability does not rest so much upon implied contract of the dealer as upon the violation or negligent performance of a duty voluntarily assumed. And no person, whether he be clerk or dealer, can injure a purchaser of food who does not know of the defect by selling him food which he positively knows is unwholesome, or which he ought to know is unwholesome by the exercise of ordinary care; and any person negligently selling unwholesome food resulting in injury to another or in his death caused by such unwholesome food is liable therefor. *Davis* v. *Williams*, 58 *Ga. App.* 274 (supra). "Goods bought of retail or wholesale dealers in the original packages and labelled as the product of the manufacturer are usually bought in reliance upon the manufacturer's competency and care. This is always the case where a purchaser asks for a particular brand. Therefore, the retailer [or his clerk] is not subject to liability for bodily harm caused by their defective condition, unless the condition is such that even the cur-

sory inspection which a dealer [or his clerk] should make of any article, which he puts in stock and sells, would disclose some indication that the goods had deteriorated to a dangerous extent [or were so unwholesome as to become dangerous]." 2 Restatement of the Law, American Law Institute, Torts, 1088, § 401(a). In the instant case the allegations in the petition are merely that a spider was in the bottle of coca-cola. It does not state or even intimate how large the spider was, and, construing the petition most strongly against the pleader, the spider may have been very small and not of such a size and character as to amount to a defect which a reasonably prudent dealer or his clerk should have discovered before delivering it to a purchaser. The case, I think, should not be based primarily on the duty of the dealer to inspect, but should be based primarily on the duty of the dealer or his clerk not to carelessly or negligently sell to another unwholesome provisions which injure him. I think therefore that the acts of negligence pleaded are not sufficient to show that the clerk was negligent in not observing a spider, however small, in the bottle which was a perfectly appearing package sealed by the manufacturer, unless the spider therein made it otherwise. *Davis* v. *Williams,* 58 *Ga. App.* 274, 278 (supra).

I concur in the result, but not in all that is said in the majority opinion.