Bobby COOK, Plaintiff in Error,

v.

SAFEWAY STORES INCORPORATED, a Corporation and William P. Roderick, Defendants in Error.

No. 38151.

Supreme Court of Oklahoma.

Sept. 30, 1958.

Vural L. Gilley, Tulsa, for plaintiff in error.

Hudson, Hudson, Wheaton & Kyle, Tulsa, for defendants in error.

CORN, Vice Chief Justice.

Bobby Cook brought this action against Safeway Stores Incorporated, a corporation, and William P. Roderick to recover damages sustained by reason of the consumption by his sons of certain unwholesome foodstuffs, a meat product known as bologna, cheese, lettuce, milk, bread and a cereal known as "Wheaties", within an hour after such foodstuffs had been purchased from said store, resulting in the serious illness of both sons. He alleged that the defendant, Safeway Stores Incorporated, was engaged in the business of selling foodstuffs; that the defendant Roderick was it's agent, servant and employee, and while acting within the scope of his authority sold the aforementioned

foodstuffs to the plaintiff and his wife; that the defendant corporation and it's agents, servants and employees impliedly warranted such food to be wholesome, fit for human consumption, harmless and pure and containing no harmful or injurious substance; that plaintiff relied upon such warranties in his purchase and furnishing the food to his sons to consume; that the defendants, and each of them, in breach of the warranties, sold to him the aforementioned unwholesome food. He prayed damages in the total sum of $2,650.

The defendant Roderick filed his separate general demurrer to the petition on the grounds that it failed to state cause of action against him.

The trial court sustained the demurrer of defendant Roderick. The plaintiff elected to stand on the petition and the court dismissed the petition as to defendant Roderick. He has duly perfected his appeal to this court.

The defendant corporation filed its answer to the petition. No question is here presented as to it.

Plaintiff takes the position that the trial court erred as a matter of law in holding that an agent of a disclosed principal is not liable for the breach of an implied warranty to sell food fit for human consumption.

■ Unquestionably the general rule, as well as the rule adopted by this court, is that where a dealer sells food for immediate human consumption, purchaser may rely on implied warranty that such food is wholesome and not deleterious, and in the event he sustains injury from the consumption thereof he may maintain his cause of action upon such implied warranty. This implied warranty in favor of the consumer in such a case extends to the manufacturer, packer, processor and each intermediate dealer as well as the retail seller. Griffin v. Asbury, 196 Okl. 484, 165 P.2d 822; Ada Coca-Cola Bottling Co. v. Asbury, 206 Okl. 269, 242 P.2d 417; Swengel v. F & E Wholesale Grocery Co., 147 Kan. 555, 77 P.2d 930; Graham v. Bottenfield's, Inc., 176 Kan. 68, 269 P.2d 413; Simmons v. Wichita Coca-Cola Bottling Co., 181 Kan. 35, 309 P.2d 633.

■ However the agent, servant and employee of the retailer who actually makes the sale, ordinarily cannot be held liable on such implied warranty unless such agent assumes to personally undertake to warrant the food as fit for human consumption. Thus a retail store clerk, merely passing out articles of food sold and receiving price for principal, does not individually impliedly warrant the same, unless he has actual knowledge of its unfitness or unless he assumes the responsibility placed upon sellers of food or unless he owes some particular duty to the purchaser. See Crosby v. Calaway, 65 Ga.App. 266, 16 S.E.2d 155.

The petition in the case at bar does not allege that the agent had knowledge of the unfit condition of the food or that he assumed the responsibility placed upon his employer, a retailer of food, or that he owed a particular duty to the plaintiff. The petition merely contained general allegation that the defendant store and its agents, servants and employees impliedly warranted the fitness for human consumption, and that plaintiff relied thereon. Unless particular circumstances exist, protection of the buyer of food by implied warranty of fitness for human consumption by the seller thereof does not require the extension thereof to the clerk of the seller who actually delivers the article and takes the money therefor.

Judgment affirmed.