**PORTABLE PIPE SERVICE COMPANY,**
a corporation, Plaintiff in Error,

**v.**

**J. C. GRAHAM, Harvey L. Davis and H. F. Maguire, co-partners, d/b/a Universal Pipe Service Company, Defendants in Error.**

No. 40253.

Supreme Court of Oklahoma.

Feb. 25, 1964.

Andrew L. Hamilton, Hudson & Hamilton, Oklahoma City, for plaintiff in error.

George W. Gay, Oklahoma City, for defendants in error.

DAVISON, Justice.

This is an appeal by Portable Pipe Service Company (plaintiff below) from action of trial court in sustaining motion of J. C. Graham, Harvey L. Davis, and H. F. Maguire, co-partners, d/b/a Universal Pipe Service Company (defendants below) for a directed verdict in their favor. Plaintiff's action was for damages for conversion of personal property and for exemplary damages. The parties will be referred to as "Portable" and "Universal."

The record reflects that on September 9, 1960, Portable bought a portable power pipe straightener from Universal for $900, paying $350 down, and executing a conditional sales contract and note for the balance of $550, which was payable October 20, 1960. Under the sales contract the title to the machine was retained in Universal until the balance was paid. The contract further provided that upon default in payment Universal was entitled to retake possession of the machine and retain the payments made in liquidated damages for the use thereof and deduct from the proceeds of any resale all expenses for reselling, retaking, repairing and keeping the equipment. It was further provided that Portable would pay all costs and expenses of suit, including a reasonable attorney's fee, and any surplus to be paid to Portable and any deficiency to be paid by Portable.

Portable did not pay as agreed but did pay $250 on December 5, 1960, leaving a balance of $300. Universal filed a replevin suit on January 9, 1961, and Portable was served with summons and the replevin writ, but the officer could not find the machine and execute the writ. Portable (defendant in the replevin suit), when served with an order to disclose the location of the machine, and without hearing or order, returned the equipment direct to Universal. In accord with the testimony in their behalf

in the present case, Portable contends the agreement in connection with the delivery of the machine was that it would be left in Universal's yard until Portable "could pay for it or it was sold," and Universal contends that it was only agreed that the machine would be returned to Universal. On March 15, 1961, Universal sold the machine, after making some repairs thereon, for $600 to a party that Portable had sent as a prospective purchaser to look at the equipment. Thereafter, on a date not shown, Portable was informed that the $600 sale price lacked $7.77 of covering the total of the balance due and the repairs and expense of retaking. On May 1, 1961, Universal dismissed the replevin action with prejudice.

On May 8, 1961, Portable filed the present suit for $900 damages because of the alleged conversion of the machine by Universal, alleging the matters above set forth, and reciting relative to the delivery of the machine, that it was placed in possession of Universal until such time as the pipe straightener could be sold. In a second cause of action Portable prays for $1600 as exemplary damages.

At the close of Portable's evidence, the trial court sustained a demurrer to the second cause of action and no complaint is made as to that ruling. At that time Portable amended its first cause of action to allow credit for the $300 balance owed on the sales contract and prayed for a judgment of $600.

It is noted that the transactions herein involved transpired prior to the effective date of the Uniform Commercial Code, Laws 1961, p. 69, Sec. 1–101, 12A O.S.1961 § 1–101 et seq.

Portable contends that Universal was guilty of conversion when it sold the machine prior to a final determination of the replevin action in favor of Universal, and relies upon Salisbury v. First Nat. Bank of Taloga, 99 Okl. 138, 221 P. 444, and Mid-Continent Motor Securities Co. of Tulsa v. Art Harris Transfer & Storage Co., 97 Okl. 139, 223 P. 130, and other similar cases.

■ Under the circumstances in the present case the cited cases are not applicable. Here the chattel was never in the possession of the officer under the replevin writ, as revealed in the above cases, and was not delivered by the officer to Universal. The chattel was delivered by Portable into the possession of Universal. Most important is the fact that under the evidence of Portable and as alleged in the petition, the delivery was made with an agreement that the machine be sold by Universal, and also the sale was made to a party that was furnished by Portable. After the sale, demand was made for the difference between the $300 owing on the contract and the $600 sale price. The pleadings in the replevin action were placed in evidence and these do not show that Portable ever filed an answer or contested that action. The only conclusion that can be drawn from these circumstances is that Portable admitted the debt and the right of Universal to repossess the machine and sell the same and in fact affirmatively acted in accomplishing these objectives. It is evident that the parties by their agreement and acts treated the replevin action as being moot.

No decisions are cited by either party presenting the circumstances that exist in the instant case.

■■ In Rose Brothers, Inc. v. City of Alva, Okl., 356 P.2d 1083, we stated:

" 'Conversion' consists of an assumption or exercise of dominion or ownership over property of another without the consent of the owner. If the owner expressly or impliedly assents to or ratifies the taking, use, or disposition of his property, he cannot recover as for a conversion thereof."

■ It is our conclusion that under the circumstances no conversion was committed.

Portable further contends that there was a conflict in the evidence as to the amount properly chargeable by Universal, over and above the debt of $300, for repairs and expense of retaking and reselling the machine

and that the trial court erred in directing a verdict for Universal.

As stated above, the conditional sale contract provided this expense was chargeable to the proceeds of the resale. Admittedly, this was the contract of the parties by which they were governed in the sale of the machine. It provided that any surplus was to be paid to Portable. The amount of the expense would directly affect the surplus, if any, due to Portable.

In Selected Investments Corporation v. Anderson, Okl., 319 P.2d 588, 590, concerning a conditional sales contract, we quoted with approval as follows:

"'The parties at the time of sale may incorporate in their contract any terms, conditions, or provisions which are not unlawful or against public policy which are supported by a sufficient consideration, and the courts will not make new contracts for them nor add to nor subtract from their contracts, but will be content to enforce the contract as made by the parties.'"

The item of repairs to the machine prior to sale was a major part of this expense. There was a conflict in the evidence as to the condition of the machine at the time of redelivery and the need for repairs. The evidence of Portable was that the machine was in working order and probably needed a coat of paint and a minor repair. The evidence of Universal was that extensive repairs were required and necessary to a resale. The conflict as to this item alone presented a question of fact for the jury to determine.

In Braden Winch Co. v. Surface Equipment Co., 196 Okl. 444, 165 P.2d 640, we stated:

"The court may not instruct a verdict where there is any conflicting evidence in the case relating to the questions of fact in controversy."

It is our conclusion that the trial court erred in directing a verdict for Universal and that the controversy as to the expense charged by Universal should have been submitted to the jury under proper instructions.

Reversed and remanded with instructions to grant a new trial pursuant to the views herein expressed.

BLACKBIRD, C. J., HALLEY, V. C. J., and WELCH, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.