**Mary Sue SNEED, Plaintiff in Error,**

**v.**

**Clay BEAVERSON, Defendant in Error.**

**No. 40493.**

Supreme Court of Oklahoma.

Sept. 15, 1964.

Jack B. Sellers and Jon F. Gray, Sapulpa, for plaintiff in error.

Streeter Speakman, Jr., and Bill Wilson, Sapulpa, for defendant in error.

WILLIAMS, Justice.

Mary Sue Sneed initiated this action against Clay Beaverson, d/b/a Town

House Grill, to recover damages for personal injuries allegedly sustained as a result of eating unwholesome or spoiled food served her in Beaverson's grill. Our continued reference to the parties is as they appeared in the trial court.

The question to be determined in this appeal is whether or not the trial court rightly sustained defendant's demurrer to plaintiff's evidence and rendered judgment for defendant.

Plaintiff alleged that on the evening of June 1, 1961, she ordered a steak at defendant's grill; that after eating a portion of it she immediately became violently ill, suffered physical pain, etc., which resulted in certain permanent physical disability; that "defendant knew that said meat would be purchased for consumption on his premises by the general public and did thereby impliedly warrant and represent said meat as being pure, wholesome and safe to eat"; that the eating of such steak, by reason of it being spoiled and unwholesome, was the direct cause of such illness.

Plaintiff testified that the only food she had eaten on June 1, prior to eating the steak was her noon meal also eaten at defendant's grill; that when she left the grill after eating the steak, it was necessary for her to go to the hospital where she was seen by a doctor; that she was treated and sent home for the night; that she was sick all night and the next morning she returned to the doctor; that the doctor placed her in the hospital where she remained for two days; that since she left the hospital she had had "a lot of trouble" with her stomach.

Dr. Z., a medical doctor who treated claimant, testified that he did not know plaintiff prior to treating her at the hospital the night of June 1; that when he first saw plaintiff she was complaining of severe pain and nausea; that he treated her for acute gastroenteritis. When asked to state his opinion as to the proximate cause of plaintiff's injury, he stated that "assuming the correctness of the history, I would have thought it was something that she ate

didn't agree with her and from what she ate you would assume it was probably the meat she ate." The doctor was then asked if that was his professional opinion, with reasonable certainty, when he saw her that evening (June 1). He answered "Yes".

For reversal plaintiff advanced the single proposition of effect that the trial court erred in sustaining the demurrer to the evidence of the plaintiff.

Defendant contends that "since plaintiff offered no evidence, expert or otherwise, dealing directly with the quality of the meat which she ate or fitness for human consumption but relies solely upon the tenderness of the meat and the fact that she became ill, she must have of necessity rely upon one witness, namely, Dr. Z., to prove not only that plaintiff was injured, but that such injuries were the result of defendant's negligence." Defendant maintains that "the most that can be said for the testimony of" Dr. Z. "is that it raises an inference that something that plaintiff ate disagreed with her; and if the Court should infer further that the food did not agree with plaintiff because it was contaminated or unwholesome, then you have an inference on an inference and then to further infer that the defendant was negligent creates a second inference on an inference."

In 77 C.J.S. Sales § 331, p. 1215, is the following language:

"According to some authorities an implied warranty of wholesomeness and fitness for human consumption arises in the case of food served to a guest in a public eating place, the transaction, under this view, constituting a sale within the rules giving rise to such a warranty. The nature of the contract for the sale of food by a restaurant to customers implies a reliance, it is said, on the skill and judgment of the restaurant keeper to furnish food fit for human consumption. The proprietor of the eating place is liable for his breach of warranty without proof of negligence on his part, * * *"

**416**

In the case of Cook v. Safeway Stores, Inc., Okl., 330 P.2d 375, 376, we said:

"Unquestionably the general rule, as well as the rule adopted by this court, is that where a dealer sells food for immediate human consumption, purchaser may rely on implied warranty that such food is wholesome and not deleterious, and in the event he sustains injury from the consumption thereof he may maintain his cause of action upon such implied warranty. * * *"

Dr. Z. testified, as above noted, that, assuming the history given him by the plaintiff was correct, it was his professional opinion, with reasonable medical certainty, that the proximate cause of plaintiff's injury was her eating the steak at defendant's grill.

In connection with the ruling on the demurrer to plaintiff's evidence and rendition of judgment for defendant, it was incumbent upon the trial court to consider the history plaintiff had given the doctor, as correct. We consider plaintiff's evidence sufficient to withstand the demurrer for submission to the jury.

In the sixth paragraph of the syllabus in the case of Coe v. Esau, Okl., 377 P.2d 815, we held:

"All facts which the evidence tends to prove in the slightest degree and all inferences and conclusions which may be reasonably and logically drawn therefrom, stand admitted by a demurrer to the evidence, and the trial court cannot weigh conflicting evidence but must treat, as withdrawn from his consideration, all evidence which is most favorable to the demurrant."

The order of the trial court denying plaintiff a new trial is reversed and the cause is remanded with directions to grant plaintiff a new trial.

DAVISON, JOHNSON, JACKSON and IRWIN, JJ., concur.