Thomas N. **WILEY**, Plaintiff,

v.

**SAFEWAY STORES, INC.**, a Foreign
Corporation, et al., Defendants.

No. 75–C–327.

United States District Court,
N. D. Oklahoma.

Sept. 9, 1975.

Doyle Watson, Drumright, Okl., Robert L. Mason, Tulsa, Okl., for plaintiff.

T. H. Eskridge, Tulsa, Okl., for defendants.

## ORDER

SUSTAINING MOTIONS OF DEFENDANTS, JOHN E. OLDNER AND D. R. TAYLOR, TO DISMISS, OVERRULING, PLAINTIFF'S MOTION TO REMAND, AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COOK, District Judge.

On June 24, 1975, Plaintiff filed a Petition in the District Court for Creek County, State of Oklahoma, which alleges that the Defendants, Safeway Stores, Inc., (hereinafter Safeway) and John E. Oldner, have wrongfully, willfully and maliciously evicted the Plaintiff from the premises leased from Defendant, Safeway, and that Defendants, Safeway and D. R. Taylor, have converted the Plaintiff's property. The Petition states that the Plaintiff and Safeway had engaged in a month-to-month, landlord-tenant relationship whereby the Plaintiff was allowed to place coin-operated, amusement rides on designated places owned by Safeway for a percentage of the proceeds. On May 2, 1975, Safeway, by and through its agent, servant or employee John E. Oldner, prepared a notification directing the Plaintiff to remove his amusement rides from the Safeway stores in the Tulsa Division. On May 4, 1975, the Plaintiff received the notice and proceeded to remove the machines. The Plaintiff alleges that his notification constitutes wrongful eviction in violation of the landlord-tenant relationship.

On June 6, 1975, Safeway, by and through its agent, servant, or employee D. R. Taylor, Division Controller, issued a bulletin requiring the Plaintiff to pay 40% of the proceeds from each machine at the time that the Plaintiff removed the machine from Safeway premises. The Plaintiff alleges that on June 9, 1975, he went to the Safeway Store No. 502, located at 61st Street and Lewis in Tulsa County, Oklahoma, and was required to pay 40% of the proceeds before removing the machine. The Plaintiff states that he refused to comply and that the Defendants would not allow him to remove the machine and thus converted the property of the Plaintiff.

On July 22, 1975, the Defendants removed this case to the Northern District of Oklahoma alleging diversity and amount under 28 U.S.C. § 1332(a)(1), and 28 U.S.C. § 1441(a). The Plaintiff, Thomas N. Wiley, is a citizen and resident of Tulsa, Tulsa County, Oklahoma. The Defendant, Safeway, is a Maryland corporation with its principal place of business at Oakland, California. The Defendants, John E. Oldner and D. R. Taylor, are citizens and residents of Tulsa County, Oklahoma. The Petition for Removal alleges that Defendants, Oldner and Taylor, were fraudulently joined as party Defendants to defeat diversity.

On July 23, 1975, Oldner and Taylor filed a Motion to Dismiss for failure to state a claim upon which relief can be granted. The Plaintiff has filed a Motion to Remand. Thus the question before the Court is whether Defendants Oldner and Taylor are proper party Defendants to defeat jurisdiction in this Court.

In regard to Defendant, Oldner, the Petition states only that he, while an agent, servant or employee of Safeway, prepared a notification directing the Plaintiff to pick up his rides. In the Deposition of the Plaintiff, Thomas N. Wiley, filed in the record on August 15, 1975, the Plaintiff testified that after receiving the notification from Mr. Old-

ner he personally contacted Oldner and discussed the notification with him. Oldner confirmed the termination notice and gave no reasons for the termination. Oldner informed the Plaintiff that the termination had been a decision of the board. The Plaintiff testified that he told Oldner that he would cooperate with him and remove his rides from the stores. (Deposition of Thomas N. Wiley, pages 64–67).

In regard to Defendant, Taylor, the Petition alleges that,

"[O]n or about June 6, 1975, the Defendant, Safeway Stores, Inc., by and through its agent, servant, or employee, D. R. Taylor, Division Controller, did issue a bulletin that when each of the machines was picked up by the Plaintiff he was immediately to pay them 40% percent of the monies."

The Plaintiff testified that Taylor had done nothing other than to mail a notice which required the various store managers to collect 40% of the gross moneys before allowing the Plaintiff to remove his machines. (Defendant's Exhibit No. 1; Deposition of Thomas N. Wiley, page 48.) The Plaintiff further testified that he had no complaint against either Taylor or Oldner and that they had been cooperative and helpful. (Deposition of Thomas N. Wiley page 75).

### MOTIONS TO DISMISS AND REMAND

■■ When an issue of fraudulent joinder of a nondiverse defendant is raised, the Court must determine whether a cause of action is stated against the nondiverse defendant as provided by state law. *Fine v. Braniff Airways, Inc.,* 302 F.Supp. 496 (W.D.Okl.1969); *Dyer v. Burns,* 257 F.Supp. 268 (W.D. Okl.1966). Upon allegations of fraudulent joinder the Court may look to the entire record and any means available to determine if the joinder is fraudulent. *Dodd v. Fawcett Publications, Inc.,* 329 F.2d 82 (10th Cir. 1964); *Preas v. Phebus,* 195 F.2d 61 (10th Cir. 1952).

■■ In regard to the allegations of unlawful eviction the Plaintiff cites Okl.Stat. tit. 23 § 71 which provides for the measure of damages for wrongfully ejecting a person from real property. Section 71 applies where the person in rightful possession of real property has been forcibly ejected. *Crow v. Davidson,* 186 Okl. 84, 96 P.2d 70 (1939). A notice to remove the amusement rides from Safeway premises signed by Defendant, Oldner, on May 2, 1975, (Defendant's Exhibit No. 2 attached to Deposition of Thomas N. Wiley) does not constitute force as required by § 71. Plaintiff's allegations that the Defendant, Oldner, has committed a tort against the Plaintiff by executing said notice are unfounded. It is the finding and conclusion of the Court that Defendant Oldner committed no tort against the Plaintiff for which the Defendant Oldner may be held personally liable.

■ Plaintiff's action may lie under another cause such as breach of contract, forcible entry and detainer or quiet title for which Safeway may be held liable. However, Defendant, Oldner, cannot be held liable for his actions under these theories when undertaken within the scope of his authority for a principal which is disclosed. 3 Am.Jur.2d, Agency, § 294 (1975 pocket part p. 36.) See: *Cook v. Safeway Stores, Inc.,* 330 P.2d 375 (Okl.1958); *Moran v. Loeffler-Greene Supply Co.,* 316 P.2d 132 (Okl. 1957).

The Plaintiff has failed to state a claim upon which relief can be granted against the Defendant, John E. Oldner. The Motion to Dismiss John E. Oldner should be and is hereby sustained and said Defendant is dismissed from this action.

■■ In regard to Defendant, D. R. Taylor, the Complaint alleges that notice to collect 40% of the proceeds at the time the Plaintiff removed the machines constitutes conversion. The notice signed by D. R. Taylor is attached to the Deposition of Thomas N. Wiley as Defendant's Exhibit No. 1. Conversion

is an act of dominion wrongfully asserted over the personal property of another which denies his rights or is inconsistent with his rights. *Russell v. City State Bank of Wellington, Tex.*, 264 F.Supp. 572 (W.D.Okl.1967); *Portable Pipe Service Co. v. Graham*, 389 P.2d 985 (Okl.1964). While the Defendant, Safeway, may have exercised wrongful dominion and control over Plaintiff's machines in violation of his rights, the fact that D. R. Taylor signed a letter instructing the store managers to collect 40% of the proceeds does not state a cause of action against Defendant Taylor for an act of conversion where Plaintiff removed his machines from various stores and refused to remove his machine when the store manager sought 40% of the proceeds. (Deposition of Thomas N. Wiley page 74).

Defendant Taylor cannot be held liable for the actions undertaken within the scope of his authority as agent, servant or employee of Safeway. Whatever wrong he may have committed against the Plaintiff may be imputed to Safeway. *Killebrew v. Atchison, Topeka & Santa Fe Ry. Co.*, 233 F.Supp. 250 (W.D.Okl.1964). Therefore, Defendant, D. R. Taylor's Motion to Dismiss should be and is hereby sustained and said Defendant is dismissed from this action.

In dismissing the Defendants, Oldner and Taylor, the requisite diversity and amount exist under 28 U.S.C. § 1332(a)(1) to permit removal under 28 U.S.C. § 1441(a). The Motion to Remand should be and is hereby overruled.

### DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, Safeway Stores, Inc., has moved under Rule 56(b) and (c) for Summary Judgment. Genuine issues of material fact remain to be determined. The nature of the agreement between the Plaintiff and Defendant, Safeway, has not been established especially in view of the language on Defendant's Exhibit No. 3 in regard to the installation, maintenance and removal of the amusement devices. Therefore, the Motion for Summary Judgment should be and is hereby overruled.